335 F.Supp. 212 (1971)
INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, DISTRICT NO. 9, a labor organization, Plaintiff,
v.
OLIN MATHIESON CHEMICAL CORPORATION, Defendant.
No. 71 C 111(1).
United States District Court, E. D. Missouri, E. D.
November 24, 1971.
Bartley, Goffstein, Marshall & Bollato, Clayton, Mo., for plaintiff.
Moller, Talent & Kuelthau, St. Louis, Mo., for defendant.

MEMORANDUM
MEREDITH, District Judge.
This matter is before the Court on a motion by the plaintiff for summary judgment, pursuant to Rule 56, F.R.C.P., and a motion by the defendant for judgment on the pleadings, which is being treated as a motion for summary judgment.
Plaintiff in this case is the bargaining representative for certain classes of defendant's employees at its plant in East Alton, Illinois. At all times material hereto, plaintiff and defendant have been parties to a collective bargaining contract as contemplated by the Labor-Management Relations Act, 1947, 29 U. S.C. 141, et seq. During 1969, three grievances arose between the parties to the agreement, relating to the defendant's decision that certain employees would, as a condition of continued employment, be required to wear metatarsal shoes instead of steel-toed safety shoes. After an unsuccessful attempt to resolve and settle these grievances, the parties submitted the grievances on a *213 consolidated basis to an arbitrator on January 8, 1970, in accordance with the terms and provisions of their collective bargaining agreement.
In an award, dated June 12, 1970, Arbitrator Sullivan found that ". . . Section 5.11 of the Agreement may not be interpreted to grant to the Company contract authority to prescribe metatarsal shoes as the type of safety shoe to be prescribed by the Company."
Section 5.11: Company Responsibilities, provides in pertinent part:
"For the purpose of maintaining a safe place to work, the Company will:
a. provide safety shoes wherever required by the Company, subject to the following limitations:
(1) the type of shoe shall be prescribed by the Company."
As grounds for his decision that section 5.11 did not allow the company to specify metatarsal-type shoes, the Arbitrator found that there was no meeting of the minds of the contracting parties when section 5.11 of the contract was agreed upon, and that the defendant must have been considering changing from steel-toed type safety shoes to metatarsal-type safety shoes for some time prior to the date of ratification of the contract and, thus, the defendant owed the duty to plaintiff to disclose that fact to it and the reasons therefor prior to the date of ratification.
Plaintiff has filed a complaint alleging that the defendant has failed and continues to refuse to comply with the award in that the defendant still requires the employees in the Brass Mill to wear metatarsal-type safety shoes. Plaintiff prays that the defendant be compelled by a decree of this Court specifically to perform and comply with the terms and provisions of this arbitration award. This Court has jurisdiction under section 301 of Title III of the Labor-Management Relations Act, 1947, 29 U.S.C. § 185.
The defendant contends that the Arbitrator's award does not draw its essence from the provisions of the collective bargaining agreement and is arbitrary and capricious and, therefore, should be set aside. Defendant further contends that it has not failed or refused to do anything that the award ordered it to do.
This Court agrees with the defendant that the Arbitrator, in deciding that section 5.11 of the Agreement may not be interpreted to grant the defendant contract authority to prescribe metatarsal shoes as the type of safety shoe to be prescribed by the company, disregarded the clear provisions of section 5.11 and went beyond the bounds of the collective bargaining agreement.
In United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960), the United States Supreme Court prescribed certain guidelines concerning arbitration awards and the obligation of the Arbitrator. Although cautioning against court review of the merits of arbitration awards, the United States Supreme Court said, at 597, 80 S.Ct. at 1361:
"Nevertheless, an arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice. He may of course look for guidance from many sources, yet his award is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award."
In applying the above standard to the facts of this case, this Court does not find that the Arbitrator's award draws its essence from the collective bargaining agreement.
Section 4.10 of that Agreement provides in pertinent part:
"e. The arbitrators shall not go beyond what is necessary for the interpretation and application of this Agreement."
It is the opinion of this Court that the Arbitrator did not confine himself to the *214 interpretation and application of the collective bargaining agreement, but that he went outside the clear language of section 5.11. The language of section 5.11 is not ambiguous, nor do any of its terms require interpretation, but give the defendant a clear right to do what it did. Moreover, the Arbitrator went outside his authority under section 4.10 of the collective bargaining agreement in deleting a pertinent part of section 5.11 because he found no meeting of the minds.
Therefore, plaintiff's motion for summary judgment will be denied and defendant's motion will be granted and the arbitration award will be set aside.