WEST DES MOINES COMMUNITY SCHOOL DISTRICT, Appellant,

v.

WEST DES MOINES EDUCATIONAL SUPPORT PERSONNEL, Appellee.

No. 60695.

Supreme Court of Iowa.

May 17, 1978.

Rehearing Denied June 23, 1978.

John R. Phillips and Kathleen A. Reimer, Des Moines, for appellant.

Charles E. Gribble, of Dreher, Wilson, Adams & Jensen, Des Moines, for appellee.

Considered by MOORE, C. J., and RAWLINGS, LeGRAND, REES and HARRIS, JJ.

PER CURIAM.

The West Des Moines Educational Support Personnel is a union representing the nonprofessional employees of the West Des Moines School District. The union and the school district entered into a contract which included a disputed provision on hours of work and overtime. The union employees contracted to work a seven and one-half hour day with a one-half hour duty-free lunch period and with two 15 minute coffee breaks. The union argues the employees should be paid for the one-half hour "duty-free" lunch period. The school believes not.

The employment contract contained a binding arbitration clause. The union, after filing a grievance with the school board which was rejected, sought an arbitrator's decision. The arbitrator determined " * * * [t]here can be no mistake that the district's negotiators knew that * * the association meant that all bargaining union employees shall be paid for the one-half hour lunch period * * *."

The school district filed this equity action to vacate the arbitrator's award and appeals the trial court's refusal to do so.

As is typical in an action arising from an arbitration decision, the complaining party urges the arbitrator exceeded his authority and altered terms of the employment contract. However we believe it is clear the arbitrator merely interpreted the contract in a way the school district would not and in a manner we might not. But this does not render the arbitrator's interpretation an alteration. *Teamsters Local Union No. 394, Travis Johnson, Gene Glesner, and Marion Koons v. Associated Groceries of Iowa Cooperative, Inc.*, 263 N.W.2d 755 (Iowa 1978). See also *Amoco Oil Co. v. Oil, Chem. & Atomic Wkrs., etc.*, 548 F.2d 1288 (7 Cir. 1977). We agree with the decision of the trial court that the arbitrator acted within the authority of the employment contract in reaching his decision.

AFFIRMED.