**AIRCRAFT MECHANICS FRATERNAL ASSOCIATION, Aircraft Mechanics Fraternal Association Local 24, Plaintiffs,**

v.

**OZARK AIR LINES, INC., Defendant.**

**No. 78–541C(3).**

United States District Court,
E. D. Missouri, E. D.

Oct. 13, 1978.

Sheldon Weinhaus, Levin & Weinhaus, St. Louis, Mo., for plaintiffs.

Donald J. Meyer, St. Louis, Mo., for defendant.

MEMORANDUM

NANGLE, District Judge.

This matter is before the Court upon cross motions for summary judgment. Plaintiffs brought this suit pursuant to 9 U.S.C. § 10, 29 U.S.C. § 185 and 45 U.S.C. § 184 seeking an order vacating an arbitration award.

Plaintiff Aircraft Mechanics Fraternal Association ["AMFA"] is a trade union certified by the National Mediation Board as

the exclusive collective bargaining representative for mechanics and related employees of defendant Ozark Air Lines, Inc. Plaintiff Aircraft Mechanics Fraternal Association, Local 24 is a local union chartered by AMFA. Ozark and AMFA are parties to a collective bargaining agreement which is effective from October 1, 1976 through May 31, 1979.

On October 3, 1976, an employee of defendant Ozark, represented by plaintiffs, filed a grievance alleging that Ozark had violated the collective bargaining agreement by assigning a stock clerk, who is not covered by the AMFA agreement, to deliver aircraft parts from Ozark's maintenance facilities in St. Louis to Springfield, Missouri where the parts were needed to complete maintenance work then in process on an aircraft owned by Ozark. On November 3, 1976, Ozark denied the grievance. AMFA invoked its right to submit the grievance to the Ozark-AMFA System Board of Adjustment. On September 15, 1977, hearings were held in St. Louis, Missouri before Arbitrator John Day Larkin. Submission of the dispute to the Systems Board was waived and the dispute was submitted directly to Mr. Larkin for decision. On March 6, 1978, Mr. Larkin dismissed the grievance.

The collective bargaining agreement provides in relevant part:

The Company agrees that all types of work now and heretofore customarily done by its own employees which is generally recognized in the air transport industry as mechanical work, inspection work, plant maintenance work and other work performed in and about Company shops, maintenance bases, overhaul bases, line service stations and other Company facilities is under the jurisdiction of the Aircraft Mechanics Fraternal Association and shall be assigned to the employees covered by this Agreement. Such work shall include but not be limited to mechanical work involved in servicing, dismantling, overhauling, repairing, fabricating, assembling, welding and erecting all parts of airplanes, airplane engines, radio equipment, instruments. . . . *The driving of surface vehicles in connection with the delivery of personnel, parts, tools and/or equipment to a station or job site wherein the personnel, parts, tools and/or equipment is to be utilized in the performance of a job function (in process) contained within this paragraph of the Agreement.* [emphasis added]

Although recognizing the applicability of the above emphasized language, and noting that said section was applied in January, 1971 in favor of an employee represented by AMFA under circumstances which the arbitrator found to be similar to those herein, the arbitrator denied the grievance. The arbitrator adopted the position taken by Ozark that above emphasized language applied only if the AMFA member was required to take part in the job function at the station or job site:

. . . since no member of the Association from St. Louis was required to take part in the work of installing the vertical gyro, we cannot conclude that the grievant had exclusive right to the assignment of transporting the part to Springfield. In short, since a stock clerk [represented by a Teamster union] was on duty and his job duties also include the handling of parts and transporting them, we can only conclude that there was no violation of the parties' agreement when the assignment here involved was given to the stock clerk.

This Court's review of the arbitration award is limited. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960). While the Court can not review the merits of the award, the award "is legitimate only so long as it draws its essence from the collective bargaining agreement. When the arbitrator's words manifest an infidelity to this obligation, courts have no choice but to refuse enforcement of the award". *Id.* at 597, 80 S.Ct. at 1361. An award that "is contrary to the express language of the contract" can not be enforced. *Mistletoe Express Service v. Motor Expressmen's Union*, 566 F.2d 692, 694

(10th Cir. 1977). See also *Monongahela Power Company v. Local No. 2332, etc.*, 566 F.2d 1196 (4th Cir. 1976); *Ludwig Honold Mfg. Co. v. Fletcher*, 405 F.2d 1123 (3d Cir. 1969).

The relevant portion of the contract involved herein provides that among the duties assigned to employees covered by the AMFA agreement is:

> The driving of surface vehicles in connection with the delivery of . . . equipment to a station or job site wherein the . . . equipment is to be utilized in the performance of a job function (in process) contained within this paragraph of the Agreement.

While this phrase, standing as a sentence in the Agreement, is perhaps ambiguous grammatically, its meaning is perfectly clear. There is no requirement that employee be required at the job site for the repairs before the driving duty may be filled by an AMFA member. The provision simply states that where delivery of equipment is required for the performance of a job function then in process, the delivery of the same falls to an AMFA member. The fact that defendant Ozark may have also contracted to provide this same duty to members of a Teamster union can not negate the clear language of this agreement. *Cf., International Association of Machinists and Aerospace Workers, District No. 9 v. Olin Mathieson Chemical Corporation*, 335 F.Supp. 212 (E.D.Mo.1971) (holding that an arbitrator can not delete a portion of the contract based on a finding that there was no meeting of the minds as to that provision).

Accordingly, the Court concludes that this award is contrary to the express language of the contract and can not be enforced. Plaintiffs' motion for summary judgment will be granted and defendant's motion will be denied.