**AIRCRAFT MECHANICS FRATERNAL ASSOCIATION, Aircraft Mechanics Fraternal Association, Local 24, Appellees,**

v.

**OZARK AIR LINES, INC., Appellant.**

**No. 78–1811.**

United States Court of Appeals, Eighth Circuit.

Submitted April 18, 1979.

Decided May 16, 1979.

Donald J. Meyer, St. Louis, Mo., for appellant.

Andrew E. Zelman of Surrey, Karasik, Morse & Seham, New York City, argued, Surrey, Karasik, Morse & Seham, New York City, and Levin & Weinhaus, St. Louis, Mo., on brief, for appellee.

Before LAY, HEANEY and BRIGHT, Circuit Judges.

LAY, Circuit Judge.

Ozark Air Lines, Inc. appeals from a judgment of the trial court vacating an arbitration award. *Aircraft Mechanics Fraternal Ass'n v. Ozark Air Lines, Inc.*, 458 F.Supp. 170 (E.D.Mo.1978). We reverse.

A grievance was filed by a technician employed by Ozark Air Lines. The employee was a member of the Aircraft Mechanics Fraternal Ass'n (AMFA). The grievant alleged that Ozark had breached its collective bargaining agreement by assigning the work of driving a truck to an employee who was a member of the Teamsters Union rather than to an employee who was a member of AMFA. The purpose of the trip was to transport certain aircraft parts (a vertical gyro) from Ozark's St. Louis facility to its Springfield, Missouri facility. The AMFA agreement reads in relevant part:

> The *Company agrees that all types of work now and heretofore customarily done by its own employees which is generally recognized in the air transport industry* as mechanical work, inspection work, plant maintenance work and other work performed in and about Company shops, maintenance bases, overhaul bases, line service stations and other Company facilities is under the jurisdiction of the Aircraft Mechanics Fraternal Association and shall be assigned to the employees covered by this Agreement. *Such work* shall include but not be limited to mechanical work involved in servicing, dismantling, overhauling, repairing, fabricating, assembling, welding and erecting all parts of airplanes, airplane engines, radio equipment, instruments, electrical systems, pneumatic systems, air conditioning systems, hydraulic systems and machine tool work in connection therewith, and including the dismantling, repairing, assembling and erecting of all machinery and mechanical devices and automotive equipment and building maintenance, and ground radio stations, and repair work; . . . . *The driving of surface vehicles in connection with the delivery of personnel, parts, tools and/or equipment to a station or job site wherein the personnel parts, tools and/or equipment is to be utilized in the performance of a job function (in process) contained within this paragraph of the Agreement.* (Emphasis added.)

In construing the agreement the arbitrator ruled in favor of Ozark on the ground that no member of AMFA from the St. Louis facility was required to take part in installing the aircraft parts upon their arrival in Springfield and that it was a practice in the air transport industry for a stock clerk to transport the parts. On this basis the arbitrator ruled that the AFMA technician did not have the unqualified right to transport the parts to Springfield.

AMFA thereafter brought this action to vacate the award, contending that the arbitrator exceeded his authority and modified the terms of the collective bargaining agreement. On cross-motions for summary judgment the district court ruled in favor of AMFA and vacated the award. The district court, although acknowledging the grammatical ambiguity of the agreement, nonetheless found its meaning clear. The court stated:

> There is no requirement that [an] employee be required at the job site for the repairs before the driving duty may be filled by an AMFA member. The provision simply states that where delivery of equipment is required for the performance of a job function then in process, the delivery of the same falls to an AMFA member.

458 F.Supp. at 172.

Judicial review of the arbitrator's award is limited. "The principal question . . . is whether the arbitrator's award drew its essence from the collective bargaining agreement . . . ." *United Steelwkrs. of Am. v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960) . . . ." *Kewanee Machinery Division, Chromalloy American Corp. v. Local 21, International Brotherhood of Teamsters*, 593 F.2d 314, 316 (8th Cir. 1979). It is not the function of the court to determine whether the arbitrator has resolved the grievance correctly.

AMFA contends the language of the contract is clear and unambiguous. We disagree. The specific words upon which AMFA bases its contention, although punctuated as if they were a sentence, are merely a phrase which, by itself, has no independent meaning. If the phrase is intended to be part of the preceding sentence, as AMFA's argument suggests, then it would refer to the beginning of that sentence, which reads "Such work shall include but not be limited to . . . ."[1] This sentence in turn refers to the first sentence of the paragraph, which concerns the types of work generally recognized in the air transport industry as mechanical work. As stated the arbitrator found that the industry practice is for the stock clerks rather than the mechanics to deliver parts.[2] Given the ambiguity the arbitrator could reasonably find that an employee must be required to perform a repair at the job site before the driving duty can be assigned to the AMFA member. It is clear such a holding draws its essence from the collective bargaining agreement.[3]

The judgment of the district court is reversed with directions to enter a judgment for Ozark Air Lines.

---

1. AMFA argues that "the work falling within AMFA's jurisdiction 'which shall be assigned' to AMFA's members, *includes* . . ." the driving of surface vehicles in connection with the delivery of parts. (Emphasis added.)

2. A labor arbitrator's source of law "is not confined to the express provisions of the contract, as the industrial common law—the practices of the industry and the shop—is equally a part of the collective bargaining agreement although not expressed in it." *United Steelworkers of America v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 581–82, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409 (1960), *quoted in UAW v. White Motor Corp.*, 505 F.2d 1193, 1198 (8th Cir. 1974), *cert. denied*, 421 U.S. 921, 95 S.Ct. 1588, 43 L.Ed.2d 789 (1975).

3. AMFA argues that the arbitrator's award is inconsistent with Ozark's disposition of an earlier grievance which AMFA contends involved an identical factual pattern. AMFA also argues that the award is not supported by industry or shop practices. These arguments are addressed to the merits of the arbitrator's decision and, as noted earlier, it is not within the scope of review to pass upon the merits of the grievance. *Kewanee Machinery, supra.*