ANSTEAD, Judge.
This appeal is from a final judgment setting aside an arbitrator’s order entered pursuant to the provisions of Section 447.401, Florida Statutes (1977). The parties resorted to binding arbitration under that section following their failure to agree on the interpretation to be given a provision of their collective bargaining agreement relating to extra compensation for teachers required to work beyond the normal workday. The arbitrator conducted a hearing and issued a well reasoned order finding in favor of the appellants. The appellee then filed an action in circuit court claiming that the arbitrator exceeded his authority and acted beyond the provisions of the parties’ agreement. After hearing, the trial court ruled that the arbitrator had altered the terms of the parties’ agreement and the arbitration order was set aside. We reverse.
The issue before the arbitrator involved construction of a provision of the parties’ *170 agreement defining a teacher’s normal workday. Both parties submitted evidence and contended for different constructions. The arbitrator found for the teachers, and there is abundant evidence to support his conclusion. We find no evidence that the issue being arbitrated was beyond the scope of the parties’ agreement and the arbitrator’s authority. That being so, his decision is binding. Lake County Education Association v. School Board of Lake County, 360 So.2d 1280 (Fla.2d DCA 1978). In West Des Moines Community School District v. West Des Moines Educational Support Personnel, 265 N.W.2d 625 (Iowa 1978), the Iowa Supreme Court commented in a similar case:
As is typical in an action arising from an arbitration decision, the complaining party urges the arbitrator exceeded his authority and altered terms of the employment contract. However we believe it is clear the arbitrator merely interpreted the contract in a way the school district would not and in a manner we might not. But this does not render the arbitrator’s interpretation an alteration. (Id. at 626)
In addition, the appellee, while making no direct claim that Section 447.401 is unconstitutional, contends that it cannot be held responsible for compensation to teachers for which it made no specific provision in its budget. While sympathizing with its planning and budgetary problems, it is our conclusion that the answers to such problems rest within the authority of the legislature rather than with the courts.
Accordingly, the judgment of the trial court is reversed with directions that judgment be entered in accordance with the terms of this opinion.
DAUKSCH, J., concurs.
CROSS, J., dissents without opinion.