**TEXTILE PROCESSORS, SERVICE TRADES, HEALTH CARE, PROFESSIONAL AND TECHNICAL EMPLOYEES INTERNATIONAL UNION LOCAL 108, et al., Plaintiffs,**

v.

**MORGAN SYSTEMS, INC., Defendant.**

No. 83–2508C(3).

United States District Court,
E.D. Missouri, E.D.

March 29, 1984.

Robert E. Ahrens, Ahrens & Bauer, Inc., St. Louis, Mo., for plaintiffs.

Gerald Tockman and Louis N. Laderman, St. Louis, Mo., for defendant.

## MEMORANDUM

HUNGATE, District Judge.

This matter is before the Court on the parties' cross-motions for summary judgment.

Plaintiffs are Textile Processors, Service Trades, Health Care, Professional and Technical Employees International Union Local 108 (union) and Roy Suarez, president of the union. Plaintiffs bring this action for enforcement of an arbitrator's award, pursuant to 29 U.S.C. § 185, et seq. Defendant, Morgan Systems, Inc. (company), counterclaims for an order vacating the arbitrator's award and indemnifying the company for any backpay amounts for which the company might be liable.

In their motion for summary judgment, plaintiffs contend that the arbitrator did not exceed his authority in rendering his award and plaintiffs are entitled to enforcement. *See* Article IX of the agreement (Grievance Procedure) in which it is stated, among other things, "the decision of the arbitrator shall be final and binding upon all parties . . . ." Defendant seeks summary judgment on the ground that the arbitrator exceeded his authority and entered an award, unlawfully modifying the collective bargaining agreement between plaintiff union and defendant company.

The material facts are not in dispute. On February 24, 1983, defendant company discharged an employee member of plaintiff union for his refusal to unload a truck upon request of management. The union filed a grievance on behalf of the discharged employee and pursued the matter through arbitration in accordance with the grievance procedure contained in the bargaining agreement. The arbitrator determined that the employee should be reinstated with an award of backpay. The company has not complied with the award.

The bargaining agreement provides, *inter alia:*

## ARTICLE XI NO STRIKE

It is agreed that no officer or official of the Union or any of its locals shall assist or encourage and there shall be no picketing, company or product-derogation handbilling, supporting strikes, strikes, sit-downs, work stoppage, or any other activity which interferes with the Company's operations in the production, distribution, or sale of the products of the Company during the life of this Agreement. If any employee, or group of employees represented by the Union in this unit, should violate the intent of this paragraph, the Union shall take immediate affirmative action and use every means available to prevent such illegal acts and take all necessary steps to the end that work will be properly and orderly resumed. Violation of the provisions or intent of this paragraph shall be grounds for disciplinary action or discharge. The Company agrees that it will not lock out the employees during the life of this Agreement.

## ARTICLE X MANAGEMENT RIGHTS

Except as specifically limited by the express provisions of this Agreement, the Company has and maintains the sole and exclusive right to control its properties, manage its business and direct the working force including by way of example but not in any way limited to, the right to hire, promote, demote, transfer or assign and direct employees; to make, change, amend and enforce posted plant rules and regulations; to increase or decrease the working force, determine the number of job operations, the work to be performed therein, the services to be performed, the methods to be employed in performing them and the quality and production standards applicable thereto; to decide the number and location of its plants and the closing down of the plant, or any part thereof; to alter, combine, transfer, assign or cease any job, department, operation or service; to decide the products to be manufactured, the work

to be contracted out or purchased, including parts, components or assemblies and the required machinery and equipment; and to maintain safety, efficiency, order and compliance with federal and state regulation in and within the plants. It is further agreed that management maintains and retains all of its managerial rights and that they are vested solely and exclusively in the Company unless specifically contracted away by this Agreement.

■ Upon review of an arbitrator's award, a court may not analyze the merits of the matter and must limit consideration to whether or not the award draws its essence from the bargaining agreement. *United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *Aircraft Mechanics Fraternal Ass'n v. Ozark Air Lines, Inc.*, 597 F.2d 1155 (8th Cir.1979). The correctness of the arbitrator's resolution of the grievance is not an issue before the Court. *Aircraft Mechanics, supra,* 597 F.2d at 1157.

■ Here, in ruling in favor of the employee, the arbitrator determined that the general plant policy prohibited members of this union from unloading or loading trucks,[1] and that the "work now, grieve later" maxim on which the company relies to support the discharge applies in cases, unlike this, where insubordination exists. Thus, the arbitrator determined that neither the provisions nor the intent of Article XI were violated so as to support the discharge. The Court finds that the arbitrator's decision draws its essence from the bargaining agreement.

Accordingly, plaintiffs' motion for summary judgment will be granted and defendant's motion for summary judgment will be denied.

---

1. The Company asserts that the arbitrator's reference to evidence of plant policy was unauthorized. Yet, as the United States Supreme Court stated, "[t]he arbitrator's source of law is not confined to the express provisions of the contract, as the industrial common law—the practices of the industry and the shop—is equally a part of the collective bargaining agreement although not expressed in it." *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 581–82, 80 S.Ct. 1347, 1352–53, 4 L.Ed.2d 1409 (1960). Here, reference to matters beyond the express statements of the agreement itself was necessary to determine whether the "no strike" provision applied. *Rainbow Glass Co. v. Local Union No. 610,* 663 F.2d 814, 817 (8th Cir.1981). Under the circumstances, the Court determines that reference to such evidence does not constitute a basis for an order vacating the award.