**CITY OF DES MOINES, Appellant,**

v.

**CENTRAL IOWA PUBLIC EMPLOYEES COUNCIL, Appellee.**

No. 84-1490.

Supreme Court of Iowa.

June 19, 1985.

Nelda Barrow Mickle, City Sol., Des Moines, for appellant.

MacDonald Smith of Smith & Smith, Sioux City, for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McGIVERIN, LARSON and SCHULTZ, JJ.

SCHULTZ, Justice.

The City of Des Moines and the Central Iowa Public Employees Council (hereinafter Union) are parties to a collective bargaining agreement in which they have contracted for dispute resolution through a grievance/arbitration procedure. Following the City's decision to subcontract the operation of the city garage, Mr. Addy, the business representative for the Union, handed a grievance form to the City's Employee Relations Director, Mr. Thompson, in April of 1983. The grievance was not signed by an employee since it was not clear what effect this decision would have on individual employees. Thompson responded that he was not a step in the

grievance procedure and that the grievance was premature since the City had not acted at that time.

The affected employees received layoff notices dated May 17, 1983. On June 1, 1983, a copy of the grievance was marked filed in the office of the city manager; this form included signatures of the affected employees. The city manager, Mr. Wilkey, responded that the proper procedure had not been followed; therefore, the grievance was not arbitrable.

On this state of facts, the Union and the City submitted to an arbitrator the issue of whether the grievance submitted to the City was arbitrable under the collective bargaining agreement. The City asserted that the Union and employees made three procedural errors in filing the grievance: (1) three steps in the step-by-step grievance procedure had been skipped; (2) the complaint had been signed by the Union rather than the employees, and (3) the grievance was not filed within the five-day time limit; therefore, the grievance was not arbitrable. Following an evidentiary hearing which commenced on November 8, the arbitrator found that the grievance was arbitrable. The City filed an action in district court, requesting that the court vacate the arbitrator's award allowing arbitration on the merits of the grievance and enjoin arbitration on the merits. The Union filed a motion for summary judgment which was sustained. The City appeals.

We have considered all of the issues raised by the parties. Although stated somewhat differently in the briefs, we deem this appeal raises the following viable issues:

1. Did an issue of material fact exist making summary judgment inappropriate?

2. Should we adopt a new standard of review in public collective bargaining arbitration cases?

3. Did the arbitrator have authority to decide the issue of arbitrability?

4. Does the award draw its essence from the collective bargaining agreement?

I. *Issue of material fact.* The City claims an issue of fact was raised in the pleadings. In its pleadings the City alleged terms of the parties' contract that restrict the arbitrator from amending or modifying the contract and define "grievance." The Union admitted the contract contained a grievance and arbitration procedure, but denied the rest of the allegation. The City maintains this created an issue of fact. We do not agree.

Summary judgment is only available when there is no issue regarding any material fact. Iowa R.Civ.P. 237(c). The dispute as raised in the pleadings, if there was one, pertained only to the interpretation of the terms of a contract that all parties agreed existed. The interpretation of contract terms generally is viewed as a legal issue. *Fashion Fabrics of Iowa, Inc. v. Retail Investors Corp.*, 266 N.W.2d 22, 25 (Iowa 1978). Neither the pleading of the contract terms nor the union's answer created a fact issue. Rather, the pleadings only bear upon the legal question of whether the arbitrator's decision drew its essence from the agreement. There is no merit in the claim that a fact issue existed.

II. *Standard of review.* The City urged the district court to adopt a different standard of review than that given an arbitrator's award in a private sector labor arbitration pursuant to a collective bargaining agreement. Essentially, the City requests we reconsider our ruling in *Sergeant Bluff-Luton Education Association v. Sergeant Bluff-Luton Community School District*, 282 N.W.2d 144 (Iowa 1979). In *Sergeant Bluff-Luton* we found that the same policies which favor arbitration under the federal law applicable to private labor-management disputes also underlie Iowa Code chapter 20 which applies to collective bargaining in the public sector. We applied the same limited standard of review to arbitration cases in the public sector in Iowa as is applied to private sector cases under federal law. *Id.* at 147–48.

The City asserts that differences between collective bargaining in the public

sector and the private sector justify the use of a different standard of review. The City contends that we have recognized that public sector employers grappling with the duty to deliver vital public services differ fundamentally from their profit-oriented private sector counterparts and asks that we adopt a new test for review of chapter 20 public sector cases based on a balancing of powers. The City cites the dissenting opinion in *Iowa City Community School District v. Iowa City Education Association,* 343 N.W.2d 139, 146 (Iowa 1983), in support of this proposition; its reliance on this opinion was misplaced, however. In *Iowa City Community School District* the dissent addressed the issue of the arbitrator exceeding his authority by invading the authority of the school board which was granted exclusively to the school board by statute. 343 N.W.2d at 147–48. The issue in this case, the authority of the arbitrator to decide arbitrability, depends upon consideration of the terms of the contract which is left solely to the arbitrator rather than construction of a statute. If public bodies are unfairly hamstrung by decisions of arbitrators, the remedy is either meticulous contracting or statutory change in the scope of our review. We decided the scope of review in *Sergeant Bluff-Luton* and determine it unwise to change in the absence of legislative directive.

■ III. *Authority to order arbitration.* The threshold question in court review of an arbitrator's award is whether the disputed issue is within the arbitration agreement. *Sergeant Bluff-Luton,* 282 N.W.2d at 147. The City presents a perplexing posture. It does not challenge the arbitration of employee grievances under its contract with the Union and employees. The City voluntarily submitted to arbitration claiming, however, that the correct grievance procedures had not been complied with; thus, there was no authority to proceed. Following an evidentiary hearing the arbitrator decided contrary to the City's position. Now, in this equitable action, the City claims the arbitrator was without authority to decide this issue.

Prior to proceeding further, we wish to clarify the issue. The City has steadfastly maintained the arbitrator was without "authority" to order arbitration. We think this argument challenges the correctness of the arbitrator's ruling that procedural errors in the grievance proceedings did not prevent arbitration of the grievance, rather than the arbitrator's authority to hold these initial proceedings. The fact that the City voluntarily participated in the initial proceedings and now raises arguments that challenge the validity of the arbitrator's legal conclusions indicates that the challenge is to the decision rather than the arbitrator's right to decide this issue. If the City claims to the contrary, it is wrong.

■ Once the court determines the subject matter of the dispute is arbitrable, and here it is undisputed that the subject matter is arbitrable, procedural questions growing out of the dispute should be left to the arbitrator. *John Wiley & Sons, Inc. v. Livingston,* 376 U.S. 543, 557, 84 S.Ct. 909, 918, 11 L.Ed.2d 898, 909 (1964); 48 Am. Jur.2d *Labor and Labor Relations* § 1857 (1979); Annot., 26 A.L.R.3d 604, 609–12 (1969); *cf. International Union of Operating Engineers, Local 150 v. Flair Builders, Inc.,* 406 U.S. 487, 490–91, 92 S.Ct. 1710, 1712–13, 32 L.Ed.2d 248, 251–52 (1972) (question of untimeliness which was not based on violation of contract procedures must be submitted to arbitrator). The procedural errors raised in *John Wiley & Sons* bear a striking similarity to those raised in the present case: failure to follow the first two steps of the prescribed grievance procedure and failure to file the grievance within the time limitation. 376 U.S. at 556–57, 84 S.Ct. at 917–18, 11 L.Ed.2d at 908. The Supreme Court found that procedural issues so often are intertwined with substantive issues that both should be decided in the same forum. *Id.* at 557, 84 S.Ct. at 918, 11 L.Ed.2d at 909. Referring to the policies favoring arbitration, the Court reasoned that reserving procedural issues for the courts would "produce frequent duplication of effort" and create "opportunities for deliberate delay." *Id.* at

558, 84 S.Ct. at 919, 11 L.Ed.2d at 909. Procedural disagreements should not be considered as separate disputes, "but as aspects of the dispute which called the grievance procedures into play." *Id.* at 559, 84 S.Ct. at 919, 11 L.Ed.2d at 909–10. Clearly, the arbitrator had authority to decide the dispute was arbitrable.

■ IV. *Essence of the agreement.* Once it has been established that the issue in dispute is one the parties had agreed to settle by arbitration, the court ordinarily may not inquire into the merits of the decision. *Sergeant Bluff-Luton,* 282 N.W.2d at 147. At this stage, the sole question to be determined by the court on review is whether the arbitrator's award "drew its essence" from the collective bargaining agreement; it is not the function of the court to determine whether the arbitrator has resolved the grievance correctly. *Id.* at 148 (citing *Aircraft Mechanics Fraternal Association v. Ozark Air Lines, Inc.,* 597 F.2d 1155, 1157) (8th Cir.1979).

■ The City contends that the award should be vacated because it does not draw its essence from the collective bargaining agreement. The City asserts that the arbitrator amended the contract or dispensed his own brand of industrial justice merely because he viewed the outcome to be unfair. In *Sergeant Bluff-Luton* we defined the term "essence of a collective bargaining agreement" when we stated:

The "essence" of a collective bargaining agreement is an extremely broad concept. It requires a casting aside of traditional views of contract law in favor of a multitude of other considerations, including not only the written and unwritten agreements, themselves, but also the practices of the parties or the industry in general.

282 N.W.2d at 150. "The essence of the agreement even draws upon other vaguely defined concepts of the particular industry having their roots in considerations of fairness, reasonableness and practicality." *Id.* Mere disagreement with the arbitrator's conclusions is not grounds for vacating the award:

"An arbitrator's award does 'draw its essence from the collective bargaining agreement' so long as the interpretation can in some rational manner be derived from the agreement, 'viewed in the light of its language, its context, and other indicia of the parties' intention; only where there is a manifest disregard of the agreement, totally unsupported by principle of contract construction and the law of the shop, may a reviewing court disturb the award.'"

*Iowa City Community School District,* 343 N.W.2d at 144 (citations omitted).

■ The City's complaint presented to the arbitrator concerned the failure of the Union and employees to follow the grievance procedure specified in the contract. These allegations were either disputed or explained in the hearing before the arbitrator. We need not set out the contract or detail the evidence. The arbitrator noted the issue raised by the City's defense, discussed and interpreted the terms of the contract, and concluded that the procedural complaints did not prevent arbitration of the grievance on its merits.

Clearly, the arbitrator interpreted the procedural prerequisites provided in the contract in the context of this particular dispute. Our previous statement is equally true in this instance:

"As is typical in an action arising from an arbitration decision, the complaining party urges the arbitrator exceeded his authority and altered terms of the employment contract. However, we believe it is clear the arbitrator merely interpreted the contract in a way the [City] would not and in a manner we might not. But this does not render the arbitrator's interpretation an alteration."

*Iowa City School District,* 343 N.W.2d at 144–45 (quoting *West Des Moines Community School District v. West Des Moines Educational Support Personnel,* 265 N.W.2d 625, 626) (Iowa 1978) (per curiam)). We find that the arbitrator's award "drew its essence" from the collective bargaining agreement.

AFFIRMED.