**CENTRAL IOWA PUBLIC EMPLOYEE COUNCIL, Appellee,**

v.

**CITY OF DES MOINES, Iowa, Appellant.**

**No. 88–618.**

Supreme Court of Iowa.

April 19, 1989.

Nelda Barrow Mickle, City Sol., Des Moines, for appellant.

MacDonald Smith of Smith & Smith, Sioux City, for appellee.

Considered by McGIVERIN, C.J., and LARSON, SCHULTZ, LAVORATO and ANDREASEN, JJ.

ANDREASEN, Justice.

This appeal is from an action brought by the Central Iowa Public Employees Council (CIPEC) to enforce a supplemental arbitration decision and award. The arbitrator's supplemental decision ordered the City of Des Moines (City) to grandfather a former employee into civil service employment or to create employment outside of civil service for him. The City appeals the decision of the district court which ordered enforcement of the supplemental arbitration award. We affirm.

I. CIPEC and the City were parties to a collective bargaining agreement for the period from July 1, 1981, through June 30, 1983. This agreement set out the terms and conditions of employment for certain city employees, including those who worked at the city's central maintenance garage. Pursuant to Iowa Code section 20.18 (1981), this collective bargaining agreement contained provisions for grievance procedures and binding arbitration for resolution of disputes concerning the application or interpretation of the contract.

On May 31, 1983, the City contracted out its garage function to a private business, the ARA. Because of this contract, the City laid off certain employees working in the central maintenance garage. A dispute arose between CIPEC and the City as to whether the laid off employees could bump back into any lesser classification bargaining unit jobs for which they had a greater seniority than the incumbent if they were qualified and able to perform those duties, irrespective of whether they had ever held the job before.

On January 2, 1984, arbitrator John E. Drotning issued a decision that the dispute between CIPEC and the City was arbitrable under the collective bargaining agreement. The City appealed this decision and in *City of Des Moines v. Central Iowa Pub. Employees Council*, 369 N.W.2d 442, 446 (Iowa 1985), we upheld the arbitrator's decision that this dispute was arbitrable. On January 31, 1986, arbitrator John M. Gradwohl issued a decision and award that directed the City to allow the laid off employees "an opportunity to bump into lesser class positions for which they have the qualifications and ability to perform. The bumping shall be for present City bargaining unit positions based upon seniority as of June 1, 1983."

On July 1, 1986, five months after the date of the arbitrator's award, an amendment to the Iowa Code became effective which extended civil service coverage to essentially all permanent full-time city employees. *See* 1986 Iowa Acts ch. 1138 § 3

(codified at Iowa Code § 400.6 (1987)). This amendment resulted in all positions within the CIPEC bargaining unit coming within civil service coverage.

In implementing the January 31, 1986 award, a controversy arose concerning six former city employees. Three employees refused recall to civil service positions as equipment mechanics. The other three employees left employment with ARA, either by termination or voluntary resignation, prior to the arbitration award on January 31, 1986. The City maintained that these six employees had no rights under the collective bargaining agreement. CIPEC and the City submitted this limited controversy to an arbitrator. On March 9, 1987, the arbitrator issued a supplemental arbitration decision and award denying relief to four of the six former employees and awarding two employees relief under the award of January 31, 1986.

In regard to the relief available to the two former employees, the supplemental award stated:

> From the information submitted, primarily through the posthearing Brief of the City, it appears that Smith and Shaffer may be entitled to be "grandfathered" into the civil service system, should they choose to return to City employment pursuant to the arbitration Award. If the City cannot legally offer Smith and Shaffer civil service positions at this time because of the 1986 statutory amendments, then the City is obligated to offer them equivalent or comparable employment outside of the civil service system. This Award obligates the City to give Smith and Shaffer an appropriate remedy for what it should properly have given them on June 1, 1983.

After this supplemental award, one of the former employees entitled to relief declined any offer of employment with the City. The remaining former employee, James Smith, orally notified the City Employee Relations Director on April 6, 1987 of his desire to exercise his rights for reemployment with the City. Smith provided written confirmation of this desire on the following day.

The City denied Smith relief. According to the City, the statutory amendment bringing all CIPEC positions under civil service coverage precluded making any relief available to Smith. CIPEC then brought an action in district court to enforce the supplemental award. The district court ordered the City to comply with the supplemental award.

■■ II. The threshold question in review of an arbitrator's award is whether the disputed issue is within the arbitration agreement. *See City of Des Moines v. Central Iowa Pub. Employees Council,* 369 N.W.2d 442, 445 (Iowa 1985). Once it is determined that the dispute is arbitrable, the sole question to be determined on review of an arbitration decision is whether the arbitrator's award "drew its essence" from the collective bargaining agreement. *Id.* At this stage, the court ordinarily may not inquire into the merits of the arbitrator's decision. *Id.*

We have defined the "essence of a collective bargaining agreement" as:

> ... an extremely broad concept. It requires a casting aside of traditional views of contract law in favor of a multitude of other considerations, including not only the written and unwritten agreements themselves, but also the practices of the parties or the industry in general.

*Sergeant Bluff–Luton Education Ass'n v. Sergeant Bluff Lutton Community School Dist.,* 282 N.W.2d 144, 150 (Iowa 1979). "The essence of the agreement even draws upon other vaguely defined concepts of the particular industry having their roots in considerations of fairness, reasonableness and practicality." *Id.*

■■ Mere disagreement with the arbitrator's conclusion is not grounds for vacating the award. *Iowa City Community School Dist. v. Iowa City Education Ass'n,* 343 N.W.2d 139, 144 (Iowa 1983). Unless the parties limit their submission, the arbitrator becomes the final judge of the facts and law. *Id.* "Mistakes of either fact or law are among the contingencies the parties assume when they submit a dispute to arbitration." *Id.*

III. The dispute in this case is a narrow question of whether the City must comply with the arbitrator's decision that Smith be grandfathered into a civil service position, or, if that remedy conflicts with civil service law, whether a new position be created for Smith outside of civil service employment. The City argues that the arbitrator exceeded his authority and altered terms of the collective bargaining agreement in ordering the City to grandfather Smith into civil service employment.

IV. Iowa Code section 400.7 provides for employees "regularly serving in or holding a position" when the position becomes subject to civil service coverage to retain their positions. The arbitrator applied the facts of this case to the collective bargaining agreement and determined Smith's entitlement:

> Smith ... [has] done nothing which has caused [him] to lose [his] entitlement under the collective bargaining agreement with the City. Voluntarily quitting the job with the ARA did not cause [him] to lose [his] status as [a grievant] in this matter.

In ordering grandfathering, the arbitrator applied Smith's entitlement to Iowa Code section 400.7 and found that Smith was covered by that provision and should be grandfathered into employment.

We agree with the City that the arbitrator does not have the authority to order the City to violate the civil service statute. In the supplemental award, however, the arbitrator worked within the framework of Iowa Code section 400.7.

The City's argument boils down to a disagreement with the arbitrator's interpretation of the collective bargaining agreement and its enforcement under Iowa Code section 400.7. This assertion is insufficient to disturb the arbitrator's supplemental award and relieve the City of its obligation to grandfather Smith into city employment. We affirm the order of the district court.

AFFIRMED.