TOWN OF EAST HARTFORD *v.* EAST HARTFORD
MUNICIPAL EMPLOYEES UNION, INC., ET AL.
(13187)

PETERS, C. J., SHEA, GLASS, COVELLO and HULL, Js.

Argued January 7—decision released March 22, 1988

*Robert J. Krzys,* for the appellant (named defendant).

*David A. Zipfel,* with whom, on the brief, were *Barry S. Zitser,* corporation counsel, and *Jose Ramirez,* for the appellee (plaintiff).

SHEA, J. The only issue presented by this appeal is whether the Appellate Court was correct in concluding that the trial court had the authority to substitute its own finding of the untimeliness of a grievance complaint by a discharged employee for the arbitrators' finding of timeliness when, as part of an unlimited submission to arbitration, the parties have empowered the arbitrators to decide the question of arbitrability. We conclude that the trial court did not have such authority. Accordingly, we reverse the judgment of the Appellate Court, and remand the case to that court with direction that it then be remanded to the trial court for reinstatement of the findings of the arbitrators concerning timeliness.

The facts pertinent to this appeal are not disputed. The defendant East Hartford Municipal Employees Union, Inc. (union), and the plaintiff town of East Hartford (town) entered into a collective bargaining agreement for the period July 1, 1980, to June 30, 1982, in which the union was recognized as the bargaining agent for certain town employees. For approximately two and one-half years prior to August, 1981, Diane Fontanella, an employee covered by the contract, worked as an information technician for the police department. In August, 1981, Fontanella scored first on a promotional examination for the position of caseworker in the social services department and, as a result, was offered the job. That month she began to serve a mandatory three month period of probation. The town's personnel rules provide that the three month period of probation may be extended for up to two additional months. At the request of Fontanella's supervisor, the town's person-

nel director extended the probationary period for one month commencing November 10, 1981.

On November 19, 1981, the town notified Fontanella by letter that her employment as a caseworker was terminated on the ground that her work performance had been unsatisfactory. A second letter that same day instructed her that she could resume her previous position in the police department. Fontanella had previously informed the town's personnel director that she did not wish to return to her previous job as an information technician. She left the department of social services on November 19, 1981. By a letter dated November 23, 1981, the deputy chief of the police department informed Fontanella that her employment with the town was terminated because she had failed to resume her previous job in the police department. On December 21, 1981, Fontanella filed a written complaint with the personnel director concerning her termination. The town refused to hold a hearing concerning her complaint because it claimed that probationary employees had no appeal rights under the contract. The union did not file a formal grievance until March 26, 1982.

The union's challenge to the town's termination of Fontanella was submitted to a panel of arbitrators acting as the state board of mediation and arbitration. As the town has conceded, this submission was unrestricted and thus the arbitrators had authority to decide the question of arbitrability as well as the substantive issues involved in the dispute. The town argued that the arbitrators lacked jurisdiction to resolve Fontanella's claim on the ground that the grievance was not timely under the parties' collective bargaining agreement because the union did not file a formal grievance until 127 days after her termination from the caseworker position. Section 13.3 of the collective bargaining agreement provides that "[e]mployee grievances must be indicated no later than thirty (30) days

following the date of the incident giving rise to the alleged grievance . . . ." Notwithstanding the objection concerning untimeliness, the arbitrators found the dispute arbitrable. "The Panel majority finds that the Town's objection as to the time limits should be dismissed as [a] result of its own continuous violation of [Fontanella's] rights to the grievance and arbitration process under the contract. Where a grievance is one which is continuous in nature, time periods should not apply." The arbitrators found that Fontanella had been discharged without just cause and was entitled to reinstatement as a caseworker with commensurate benefits.

The town applied to the Superior Court to vacate the arbitrators' award. The trial court vacated the award on the ground that the grievance was not timely because it had been filed beyond the thirty day limit set forth in the parties' agreement. The union then filed an appeal with the Appellate Court. The town cross appealed, setting forth alternative grounds to sustain the trial court's decision.[2] The Appellate Court affirmed the trial court's decision without dismissing the cross

[2] The town presented the following issues to the Appellate Court on its cross appeal in a preliminary statement of issues dated November 22, 1985:

"1. Did the Court err by failing to address the presented question of whether the arbitrators exceeded their powers by asserting jurisdiction over a probationary employee, contrary to the Rules and Contract.

"2. Did the Court err by failing to address the presented question of whether the arbitrators exceeded their powers by the manner in which they framed the issues.

"3. Did the Court err by failing to address the presented question of whether the finding of arbitrators is in contravention of public policy as expressed in Section 7-474 (f) and (g) of the Connecticut General Statutes.

"4. Did the Court err by failing to address the presented question of whether the award is in contravention of Section 7-474 (g) of Connecticut General Statutes.

"5. Did the Court err by failing to address the presented question of the impartiality of the arbitrator, Raymond Shea.

"6. Any other issue that becomes apparent after further review of the file."

appeals or considering these alternative grounds.[3] *East Hartford* v. *East Hartford Municipal Employees Union, Inc.*, 10 Conn. App. 611, 612, 618, 525 A.2d 112 (1987). The town has also raised in this court four alternative grounds for affirming the decision of the Appellate Court.[4] The town conceded at oral argument that the trial court did not make findings concerning these alter-

[3] The Appellate Court noted, "[t]he plaintiff filed a cross appeal in each case setting forth four alternative grounds to sustain the trial court's decision. While these cross appeals are not properly before this court, we have not dismissed them, since our conclusions in the defendants' appeals make it unnecessary to consider the cross appeals." *East Hartford* v. *East Hartford Municipal Employees Union, Inc.*, 10 Conn. App. 611, 612, 525 A.2d 112 (1987). In a footnote the Appellate Court explained, "[t]he proper procedure for the plaintiff, as appellee, was to file a preliminary statement of issues within fourteen days of the filing of the appeal. Practice Book § 4013 (a) (1) (formerly § 3012 [a])." Id., 612 n.1. The Appellate Court also stated: "In view of our holding, it is unnecessary to consider the plaintiff's alternate grounds to sustain the decision of the trial court." Id., 618.

[4] The town has submitted these four alternative grounds pursuant to Practice Book § 4140:

"1.  Have the arbitrators exceeded their powers and violated the parties' agreement by asserting jurisdiction over the dismissal of a probational employee where both the collective bargaining agreement and the Appellee Town's personnel rules and merit system expressly provide that such a dismissal shall not be subject to the grievance procedure?

"2.  Have the arbitrators exceeded their powers and violated the parties' agreement by framing the issue as a termination of employment, as opposed to the demotion and reinstatement of an employee back to her prior position, and thus imposing a higher standard of proof and higher level of damages than provided in the parties' agreement?

"3.  Have the arbitrators exceeded their powers as a matter of law, in violation of Section 7-474 (g) of the Connecticut General Statutes and strong public policy when it assumed jurisdiction over an issue of conduct, grading and rating of merit examinations and appointments where such an area is statutorily precluded as a subject of collective bargaining?

"4.  Have the arbitrators and Board of Mediation and Arbitration denied fundamental due process of law and Section 52-418 (a) (2) of the Connecticut General Statutes by failing to empanel and maintain a fair and impartial panel, where one of the panel members was concurrently acting as an advocate against the appellee Town in another labor proceeding, and was concurrently advocating in said proceeding that the Town Personnel Director, who took part in the issue before him in the arbitration proceeding, was a liar?"

native grounds, and, therefore, an adequate record did not exist for this court to review these issues. In view of our conclusion that the trial court did not have the authority to substitute its own finding of timeliness, we remand these four remaining issues to the Appellate Court to be remanded to the trial court for determination.

In *Costello Construction Corporation* v. *Teamsters Local 559*, 167 Conn. 315, 318, 355 A.2d 279 (1974), where we reversed a trial court's decision to vacate an arbitrator's award, we defined the scope of judicial review applicable when, as part of an unlimited submission to arbitration, the parties have empowered the arbitrators to decide the question of arbitrability. "The scope of judicial review of an arbitration award is limited by statute and by the contractual agreement between the parties. Where by the parties' agreement the question of arbitrability is clearly committed to the arbitrator for determination, the court is bound by the arbitrator's determination unless that determination clearly falls within the proscriptions of § 52-418 of the General Statutes, *or procedurally violates the parties' agreement.*" (Emphasis added.) Id. It is not entirely clear that the *Costello* court intended by the italicized phrase that the scope of review for procedural issues be enlarged beyond that prescribed by § 52-418,[5] because the court ultimately found that the trial court had erred in overturning the arbitrator's determination of a procedural issue in that case which also had involved timeliness. Later cases, however, have repeated the

---

[5] "[General Statutes] Sec. 52-418. VACATING AWARD. (a) Upon the application of any party to an arbitration, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall make an order vacating the award if it finds any of the following defects: (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have

statement in *Costello* referring to procedural violations of the contract as grounds for upsetting an award in addition to those specified by § 52-418. *O & G/O'Connell Joint Venture* v. *Chase Family Limited Partnership No. 3*, 203 Conn. 133, 146, 523 A.2d 1271 (1987); *Waterbury Board of Education* v. *Waterbury Teachers Assn.*, 168 Conn. 54, 62–63, 357 A.2d 466 (1975). The Appellate Court in the case at bar viewed the *Costello* decision as expanding the scope of review by the Superior Court beyond that defined in § 52-418. "A trial court's review of the arbitrator's decision on arbitrability, however, includes the question of whether the arbitrators' conclusion 'procedurally violates the parties' agreement.' *Costello Construction Corporation* v. *Teamsters Local 559*, supra, 318. We have held that the failure to file a timely grievance is a question of procedure stemming from the agreement itself. See *Flynn* v. *Newington*, [2 Conn. App. 230, 235, 477 A.2d 1028, cert. denied, 194 Conn. 804, 428 A.2d 709 (1984)]. The trial court, therefore, had the authority to substitute its finding that the grievance was not filed until March 26, 1982, for the arbitrators' finding. Since the grievance was late, the court concluded that arbitration of the merits was precluded. We conclude that the trial court did not exceed its scope of review and properly vacated the award rendered in favor of the union." *East Hartford* v. *East Hartford Municipal Employees Union, Inc.*, supra, 617–18.

Relying upon the *Costello* pronouncement and its progeny, the town contends that our courts should

been guilty of misconduct in refusing to postpone the hearing upon sufficient cause shown or in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.

"(b) If an award is vacated and the time within which the award is required to be rendered has not expired, the court or judge may direct a rehearing by the arbitrators."

employ a different standard of review for an arbitrator's procedural determinations than for his substantive ones. Section 52-418, however, defines the statutory grounds upon which a court may vacate an arbitrator's award and cannot be construed to create any distinction in the standard of review applicable to his decision of procedural as opposed to substantive questions. In the absence of a legislative directive, we are not inclined in this instance to enlarge the grounds for upsetting voluntary arbitration awards beyond those prescribed by the statute.[6] Accordingly, we overrule the statement in *Costello* implying that the review of the procedural determination of an arbitrator is not restricted by the criteria established by § 52-418. For this conclusion we rely not only upon our interpretation that the statute was intended to include all of the grounds the legislature regarded as justifying the vacating of an award but also upon the great weight of authority, which has rejected any distinction between procedural and substantive determinations in defining the scope of judicial review of arbitration awards.

The United States Supreme Court in *Wiley & Sons* v. *Livingston,* 376 U.S. 543, 556–59, 84 S. Ct. 909, 11 L. Ed. 2d 898 (1964), held that an arbitrator's determination of procedural questions growing out of a dispute is entitled to the same degree of judicial deference as his conclusions concerning substantive claims. "We think that labor disputes . . . cannot be broken down so easily into their 'substantive' and 'procedural' aspects. Questions concerning the procedural prerequisites to arbitration do not arise in a vacuum; they

---

[6] In *Stratford* v. *Local 134, IFPTE,* 201 Conn. 577, 583–86, 519 A.2d 1 (1986), this court did expand the grounds for review of a voluntary arbitration award to include the consideration of claimed violations of a provision of our state constitution and also of the public policy of this state. The arbitrators, however, had refused to determine these issues when raised during the arbitration proceeding, unlike the present case where the timeliness issue was decided by the arbitrators.

develop in the context of an actual dispute about the rights of the parties to the contract or those covered by it . . . . Doubt whether grievance procedures or some part of them apply to a particular dispute, whether such procedures have been followed or excused, or whether the unexcused failure to follow them avoids the duty to arbitrate cannot ordinarily be answered without consideration of the merits of the dispute which is presented for arbitration. . . . It would be a curious rule which required that intertwined issues of 'substance' and 'procedure' growing out of a single dispute and raising the same questions on the same facts had to be carved up between two different forums, one deciding after the other. Neither logic nor considerations of policy compel such a result. . . . Reservation of 'procedural' issues for the courts would thus not only create the difficult task of separating related issues, but would also produce frequent duplication of effort." Id., 556–58.

Many state courts have rejected the distinction between procedural and substantive determinations in arbitration awards, and have employed the same standard of review when they examine either an arbitrator's interpretation of the substantive provisions of the contract or his construction of its procedural provisions. *Butchers Union Local 532* v. *Farmers Markets,* 67 Cal. App. 3d 905, 911–13, 136 Cal. Rptr. 894 (1977); *Pettinaro Construction Co.* v. *Harry C. Partridge, Jr., & Sons,* 408 A.2d 957, 963 (Del. Chancery 1979); *ADC Construction Co.* v. *McDaniel Grading, Inc.,* 177 Ga. App. 223, 227–28, 338 S.E.2d 733 (1985); *Carpentersville* v. *Mayfair Construction Co.,* 100 Ill. App. 3d 128, 131–32, 426 N.E.2d 558 (1981); *Thompson* v. *Modernfold Industries,* 175 Ind. App. 686, 694–95, 373 N.E.2d 916 (1978); *Des Moines* v. *Central Iowa Public Employees Council,* 369 N.W.2d 442, 445–46 (Iowa 1985); *Bartley, Inc.* v. *Jefferson Parish School Board,* 302 So. 2d 280, 283 (La. 1974);

*Board of School Directors* v. *Tri-Town Teachers Assn.*, 412 A.2d 990, 993–95 (Me. 1980); *Stop & Shop Cos.* v. *Gilbane Building Co.*, 364 Mass. 325, 330, 304 N.E.2d 429 (1973); *Roseville Community School District* v. *Roseville Federation of Teachers*, 137 Mich. App. 118, 124–27, 357 N.W.2d 829 (1984); *Brothers Jurewicz, Inc.* v. *Atari, Inc.*, 296 N.W.2d 422, 427 (Minn. 1980); *Exber, Inc.* v. *Sletten Construction Co.*, 92 Nev. 721, 731–32, 558 P.2d 517 (1976); *Standard Motor Freight, Inc.* v. *Local Union No. 560*, 49 N.J. 83, 97, 228 A.2d 329 (1967); *Long Island Lumber Co.* v. *Martin*, 15 N.Y.2d 380, 384–87, 207 N.E.2d 190, 259 N.Y.S.2d 142 (1965); *Union County School District* v. *Valley Inland Pacific Constructors, Inc.*, 59 Or. App. 602, 652 P.2d 349 (1982); *Kardon* v. *Portare*, 466 Pa. 306, 310–11, 353 A.2d 368 (1976); *School Committee* v. *Pawtucket Teachers Alliance*, 390 A.2d 386, 389–90 (R.I. 1978); but see *Stauffer Construction Co.* v. *Board of Education*, 54 Md. App. 658, 665–72, 460 A.2d 609 (1983).

Numerous courts have held that questions of contractual time limits in collective bargaining agreements upon which the arbitrability of a dispute may depend are arbitrable unless the contract specifically provides otherwise, and also have refused to apply a higher standard of review concerning this type of issue. *International Union of Operating Engineers, Local 150* v. *Flair Builders, Inc.*, 406 U.S. 487, 490–91, 92 S. Ct. 1710, 32 L. Ed. 2d 248 (1972); *Butchers Union Local 532* v. *Farmers Markets*, supra, 911–13; *Pettinaro Construction Co.* v. *Harry C. Partridge, Jr., & Sons*, supra; *ADC Construction Co.* v. *McDaniel Grading, Inc.*, supra, 227–28; *Carpentersville* v. *Mayfair Construction Co.*, supra, 132–33; *Thompson* v. *Modernfold Industries*, supra; *Des Moines* v. *Central Iowa Public Employees Council*, supra; *Roseville Community School District* v. *Roseville Federation of Teachers*, supra; *Rockland* v. *Primiano Construction Co.*, 51 N.Y.2d 1, 11–12, 409

N.E.2d 951, 431 N.Y.S.2d 478 (1980); *School District* v. *Duquesne Education Assn.,* 475 Pa. 279, 284–85, 380 A.2d 353 (1977); *School Committee* v. *Pawtucket Teachers Alliance,* supra. "We agree that whether the demand was made within a reasonable time should be decided by the arbitrators. Because the phrase 'reasonable time' is a part of the contractual provision here, its meaning in a given case is a matter of contract interpretation and is, therefore, arbitrable. What is a reasonable time presumably will depend on all of the circumstances, including a showing of prejudice to the resisting party, which matters are inevitably intertwined with the merits and involve a weighing of the equities in the context of the particular case. At least one purpose for requiring arbitration is that the parties thought that arbitrators would be more likely to reach an expeditious, satisfactory resolution of their disputes than would a court. . . . Having the arbitrators decide whether the claim was asserted within a reasonable time within the meaning of the contract avoids the possibility that evidence must be presented twice." *Union County School District* v. *Valley Inland Pacific Constructors, Inc.,* supra, 354.

The town has cited a few federal cases and one Virginia decision in which courts have set aside an arbitrator's award because the court found that the arbitrator had committed a palpable procedural error. See, e.g., *Detroit Coil Co.* v. *International Assn. of Machinists & Aerospace Workers, Lodge 82,* 594 F.2d 575 (6th Cir.), cert. denied, 444 U.S. 840, 100 S. Ct. 79, 62 L. Ed. 2d 52 (1979); *Bakery & Confectionary Workers International of America, Local 111* v. *Bridgford Foods Corporation,* 423 F. Sup. 124 (N.D. Tex. 1976); *United Paperworkers International Union* v. *Chase Bag Co.,* 222 Va. 324, 327–28, 281 S.E.2d 807 (1981). These cases are not helpful in supporting the town for two reasons.

First, a broader scope of review of arbitration awards is permitted both in Virginia and the federal courts than

in our courts. Federal courts may overturn an arbitration award if the arbitrator "disregard[s]" the law; *Local 771, I.A.T.S.E., AFL-CIO* v. *RKO General, Inc.,* 546 F.2d 1107, 1113 (2d Cir. 1977); or may vacate the award if "[t]he arbitrator's conclusion manifests a clear failure to draw the essence of the award from the Agreement." *Detroit Coil Co.* v. *International Assn. of Machinists & Aerospace Workers, Lodge 82,* supra, 581. "Under Virginia law, a court may modify or set aside an arbitrator's award for errors in procedural, as well as substantive, matters." *United Paperworkers International Union* v. *Chase Bag Co.,* supra, 327. Virginia courts will vacate an arbitrator's award if he commits a "palpable error." Id., 329. In contrast, we have stated that "[w]here the authority to arbitrate rests wholly upon contract, an unrestricted submission of a dispute to arbitrators carries with it the power to decide with finality all issues of fact or law relating thereto. *Meyers* v. *Lakeridge Development Co.,* 173 Conn. 133, 135, 376 A.2d 1105 (1977)." *Wilson* v. *Security Ins. Group,* 199 Conn. 618, 626, 509 A.2d 467 (1986);[7] see *O & G/O'Connell Joint Venture* v. *Chase Family Limited Partnership No. 3,* supra, 145–46.

Second, the gravamen of the town's argument is that this court should make a sharp distinction between issues of procedural and substantive arbitrability. The town has conceded that under our case law a trial court may not vacate an arbitrator's determination concerning substantive arbitrability, except for violations of § 52-418, when, as part of an unlimited submission to arbitration, the parties have empowered the arbitra-

---

[7] The plaintiff has not claimed in this appeal and there is nothing in the record to suggest that this collective bargaining agreement is the product of compulsory arbitration. Our discussion here is limited to the scope of review in voluntary arbitration, and a somewhat different analysis might apply if compulsory arbitration were at issue. See *Wilson* v. *Security Ins. Group,* 199 Conn. 618, 626–30, 509 A.2d 467 (1986); *Carofano* v. *Bridgeport,* 196 Conn. 623, 636, 495 A.2d 1011 (1985).

tors to decide the question of arbitrability. *Wilson* v. *Security Ins. Group*, supra, 626–30; *Carofano* v. *Bridgeport*, 196 Conn. 623, 636, 495 A.2d 1011 (1985). The federal and Virginia cases the town cites follow the rule of *Wiley & Sons* v. *Livingston*, 376 U.S. 543, 556–59, 84 S. Ct. 909, 11 L. Ed. 2d 898 (1964), that the same standard of review should apply regarding both substantive and procedural issues in arbitration awards. *United Paperworkers International Union* v. *Chase Bag Co.*, supra, 327.

Maryland is the only jurisdiction that has rejected the *Wiley* rule and held that "[i]n the final analysis, it is for the courts and not the arbitrators to determine the timeliness of a demand for arbitration." *Frederick Contractors, Inc.* v. *Bel Pre Medical Center, Inc.*, 274 Md. 307, 314, 334 A.2d 526 (1975); *Stauffer Construction Co.* v. *Board of Education*, supra, 666. "[B]y considering the issue of delay in demanding arbitration to be a justiciable rather than an arbitrable one, [the *Bel Pre* court] regarded the effect of such a delay as going to the (continued) existence or enforceability of the agreement to arbitrate rather than to the validity of the underlying claim. In effect, the [*Bel Pre* court] treated the matter of delay as one of waiver—that, by failing to make a timely demand, the party had waived his contractual right to resolve the dispute through arbitration." *Stauffer Construction Co.* v. *Board of Education*, supra.

By contrast, this court in *Gary Excavating, Inc.* v. *North Haven*, 164 Conn. 119, 121–25, 318 A.2d 84 (1972), held that when a contract provides for unlimited submission of disputes to arbitration it is a matter for the arbitrators, not the courts, to determine whether a party has waived its contractual right to arbitration because of untimeliness in pursuing a complaint. "Failure to follow the steps agreed on as prerequisites to the right to arbitration may bring about waiver; *Batter*

*Building Materials Co.* v. *Kirschner,* 142 Conn. 1, 110 A.2d 464 [1954], but in the present case, by virtue of the broad scope of [a provision] of the contract, the appropriate body to hear claims regarding procedural prerequisites to arbitration must be the arbitration panel." Id., 125. In *Gary Excavating, Inc.,* this court stated that whether arbitrators or courts should resolve questions of timeliness and waiver must be decided on a case by case basis depending on the language of the contract. "In apportioning, between the court and the arbitrators, the responsibility for determining which disputes are arbitrable, the language of the contract controls and determines whether the arbitrability of a dispute is for the court or the arbitrators. *A. Sangivanni & Sons* v. *F. M. Floryan & Co.,* 158 Conn. 467, 262 A.2d 159 [1969]." Id., 122. "[T]he agreement between the parties remains the focal point for determining whether timeliness and notice requirements are matters for arbitration. *A. Sangivanni & Sons* v. *F. M. Floryan & Co.,* supra, 471." Id., 125.

In the case at bar, the collective bargaining agreement provides: "The decision of the arbitrators will be final and binding on both parties." There are no restrictions in the collective bargaining agreement on what issues may be decided by the arbitrators. Nor is there anything in the contract to indicate that a trial court may review an arbitrator's determinations concerning procedural questions except as authorized by § 52-418, which is also applicable for review of substantive decisions. By necessary implication, under the language of this agreement there can be no review, beyond that authorized by the statute, of the decision of the arbitrators concerning timeliness.

We hold that a trial court may not substitute its own finding of untimeliness for the arbitrators' finding of timeliness when, as part of an unlimited submission to arbitration, the parties have contractually empowered

the arbitrators to decide the question of arbitrability. We note that when parties freely write contracts providing for arbitration they may exclude certain issues from determination by arbitrators. If a contract provides for the arbitration of substantive issues only, our courts may determine de novo whether an arbitrator's conclusion "procedurally violates the parties' agreement." *Costello Construction Corporation* v. *Teamsters Local 559,* supra, 318.

We reverse the judgment of the Appellate Court and remand the case to the Appellate Court with direction to set aside the judgment of the trial court and to remand the case to the trial court for further proceedings.

In this opinion the other justices concurred.