COMBUSTION ENGINEERING, INC. *v.* INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIPBUILDERS, BLACKSMITHS, FORGERS & HELPERS, LOCAL 237
(6085)

BORDEN, DALY and NORCOTT, Js.

Argued May 12—decision released July 26, 1988

*Emanuel N. Psarakis,* with whom, on the brief, was *Frank F. Coulom, Jr.,* for the appellant (plaintiff).

*Stephen E. McEleney,* for the appellee (defendant).

NORCOTT, J. The dispositive issue of this appeal is whether the collective bargaining agreement (project agreement) between the plaintiff employer and the defendant union empowers the trial court or the arbitrator to decide the question of arbitrability.

The facts of this case are not in dispute. The plaintiff brought an action in the Superior Court seeking to enjoin the defendant from proceeding with arbitration. The underlying issue in dispute is whether the plaintiff is obligated under the project agreement to pay the union employees a travel allowance. The defendant moved to dismiss the action on the ground that, pursuant to the agreement, the question of arbitrability was to be determined by an arbitrator rather than the court.

The trial court, *O'Neill, J.,* denied the motion, because "[t]he court has insufficient facts to determine the issue." Subsequently, the trial judge to whom the case was assigned for trial, *A. Aronson, J.,* granted the defendant's motion to dismiss, and the plaintiff appealed from that judgment. We find no error.

"It is well established that arbitration is a matter of contract and that parties may agree to have questions concerning the arbitrability of their disputes decided by a separate arbitrator." *Paranko* v. *State,* 200 Conn. 51, 57, 509 A.2d 508 (1986). The function of the court is very limited when the parties have so agreed to submit all questions of contract interpretation to an arbitrator. *United Steelworkers* v. *American Manufacturing Co.,* 363 U.S. 564, 567–68, 80 S. Ct. 1343, 4 L. Ed. 2d 1403 (1960). " 'Whether the parties have agreed to submit to arbitration not only the merits of the dis-

pute but the very question of arbitrability, as well, depends upon the intention manifested in the agreement they have made.' " *Policemen's & Firemen's Retirement Board* v. *Sullivan,* 173 Conn. 1, 6, 376 A.2d 399 (1977), quoting *Connecticut Union of Telephone Workers, Inc.* v. *Southern New England Telephone Co.,* 148 Conn. 192, 197, 169 A.2d 646 (1961). The intent to submit the question of arbitrability to an arbitrator may be demonstrated in an agreement by an express provision or by the use of broad terms. *Policemen's & Firemen's Retirement Board* v. *Sullivan,* supra;[1] *Hartford* v. *Local 308,* 171 Conn. 420, 427, 370 A.2d 996 (1976). In sum, " 'the language of the contract controls and determines whether the arbitrability of a dispute is for the court or the arbitrators.' " *East Hartford* v. *East Hartford Municipal Employees Union, Inc.,* 206 Conn. 643, 656, 539 A.2d 125 (1988), quoting *Gary Excavating, Inc.* v. *North Haven,* 164 Conn. 119, 122, 318 A.2d 84 (1972).

Article 14 of the project agreement provides for a grievance adjudication procedure and provides in pertinent part: "It is specifically agreed that in the event any dispute arises out of the interpretation or application of this agreement, excluding questions of jurisdiction of work, the same shall be settled by means of the procedure set out herein." A grievance is defined under the agreement as a dispute involving "the interpretation or application of this agreement excluding the jurisdiction of work." Pursuant to the express terms of the agreement arbitration is the final step in the grievance adjudication process.

The key to the resolution of this appeal rests in the breadth of the arbitration clause. The language in the

---

[1] See *Policemen's & Firemen's Retirement Board* v. *Sullivan,* 173 Conn.1, 6, 376 A.2d 399 (1977), for a listing of cases wherein the broad terms of an arbitration clause were found to confer the authority to determine the arbitrability issue on the arbitrator.

arbitration clause in this case is very similar to that found in the case of *Hartford* v. *Local 308,* supra, 427: "[A]ny grievance or dispute which may arise between the parties concerning the application, meaning or interpretation of this agreement, unless specifically excluded by this agreement, shall be settled in the following manner. . . ." With respect to that clause, our Supreme Court held that "[t]he broad language of the arbitration clause . . . indicates that the parties desired the arbitration clause itself to be the subject to the arbitrators' decision." Id.

The only clear distinction between the language in *Hartford* v. *Local 308* and the present case is the exclusionary clause, "excluding questions of jurisdiction of work" which appears in article 14. That clause apparently refers to disputes regarding the allocation of work among employees. While the full meaning of the exclusionary clause has not been presented in this appeal, it does not follow that, in the context of the entire arbitration clause, the question of arbitrability falls within the ambit of that exclusionary language so as to preclude the arbitrator from deciding questions of arbitrability. Furthermore, in determining whether an agreement confers on the arbitrator the authority to arbitrate, "any '[d]oubts [concerning arbitrability] should be resolved in favor of coverage.' *United Steelworkers of America* v. *Warrior & Gulf Navigation Co.,* 363 U.S. 574, 583, 80 S. Ct. 1347, 4 L. Ed. 2d 1409 [1960]; *International Union* v. *General Electric Co.,* 148 Conn. 693, 701, 702, 174 A.2d 298 [1961]." *Board of Police Commissioners* v. *Maher,* 171 Conn. 613, 621, 370 A.2d 1076 (1976).

The trial court's interpretation of the arbitration clause in issue was that the parties' intention was to submit "all" disputes to the arbitrator, except questions of jurisdiction of work, and that the matter of

arbitrability was not included in that exclusionary language. Our review leads us to conclude similarly.

The plaintiff's final claim of error is that the second trial court, *A. Aronson, J.,* erred by reversing the prior ruling of Judge O'Neill denying the motion to dismiss. This claim was never raised in the trial court. "Only in the most exceptional circumstances will this court consider a claim that was not raised in the trial court." *Cahill* v. *Board of Education,* 187 Conn. 94, 99, 444 A.2d 907 (1982); see Practice Book § 4185. In the present case, no such exceptional circumstance invites our review of this claim.

There is no error.

In this opinion the other judges concurred.

