TOWN OF PLAINFIELD *v.* STATE BOARD OF MEDIATION AND ARBITRATION ET AL.
(5833)

DALY, STOUGHTON and FOTI, Js.

Argued May 17—decision released August 9, 1988

*Edward T. Lynch, Jr.,* for the appellant (plaintiff).

*Robert J. Murray, Jr.,* for the appellee (defendant Local 564, International Brotherhood of Police Officers).

FOTI, J. The dispositive issue of this appeal is whether the trial court correctly concluded that the issue of the arbitrability of the collective bargaining agreement was a question for the arbitrators.

The facts relevant to this appeal are not in dispute. The plaintiff and the defendant union[1] have been parties to a collective bargaining agreement since 1983. On September 13, 1984, the town discharged Gary Suprenant, a police officer who was covered by the agreement. Suprenant filed a grievance with the town which was denied on September 20, 1984. The union subsequently filed a demand for arbitration of the grievance with the state board of mediation, which the board received October 2, 1984, more than ten days after the grievance had been denied. The union did not file a copy of the demand with the town at the time it gave notice to the board of mediation as required by the collective bargaining agreement.[2]

---

[1] The town withdrew its complaint against the state board of mediation and arbitration, leaving Local 564 of the international brotherhood of police officers the sole defendant.

[2] The following provisions of the collective bargaining agreement provide the procedure for demanding arbitration: "Article 16, Section 4.

"If the Union is not satisfied with the decision of the Chief or his designee and elects further processing, the Union shall submit a written demand

The town subsequently brought suit in the Superior Court seeking a determination of the arbitrability of the grievance. The town moved for summary judgment, claiming that there was no issue of material fact because the union admitted that it had filed its demand more than ten days after the town denied the grievance and because the union failed to give the town notice of its demand for arbitration, and that both of these steps are preconditions to arbitration. The court denied the town's motion, and, after a hearing on the merits, rendered judgment for the defendant. The trial court, relying on *Wiley & Sons* v. *Livingston,* 376 U.S. 543, 84 S. Ct. 909, 11 L. Ed. 2d 898 (1964), concluded that because the dispute was procedural, the arbitra-

for arbitration within ten (10) calendar days of the decision of the Chief or his designee to the Connecticut State Board of Mediation and Arbitration, and by filing a simultaneous copy of the demand with the Town."

"Section 10.

"If a grievance is not submitted within the prescribed time limit as stated, it shall be deemed settled. If the Town fails to render its decision on a grievance within the time limits specified, such grievance shall be processed to the next step. . . .

"Section 10. (b) Arbitration

"The arbitration hearing will be held in accordance with the rules of the Board of Mediation and Arbitration. However, the arbitrator or the arbitration panel shall have no power to add to, subtract from, alter or modify this Agreement, or to grant matters which were not obtained in the bargaining process, or to impose any remedy or right of relief for any period of time prior to the effective date of this Agreement, or to grant pay retroactively for more than thirty (30) calendar days prior to the date the grievance was submitted at Step 1.

"The arbitrator or arbitration panel shall render its decision in writing no later than thirty (30) calendar days after the conclusion of the hearing unless the parties jointly agree otherwise. The arbitrator's decision shall be final and binding on the parties in accordance with Connecticut General Statutes Section 52-418, provided, however, neither the submission of questions of arbitrability to any arbitrator in the first instance nor any voluntary submission shall be deemed to diminish the scope of judicial review over arbitrable awards, including awards on competent jurisdiction to construe any such awards as contravening the public interest. In any instance elected by the Town, it may seek Court determination of arbitrability."

bility of the grievance should be decided by the arbitrators and not the court. We disagree.

In *Wiley,* the court concluded that procedural questions are properly considered in the context of the substantive claims raised by the parties, as procedure does not exist in a vacuum. "Doubt whether grievance procedures or some part of them apply to a particular dispute, whether such procedures have been followed or excused, or whether the unexcused failure to follow them avoids the duty to arbitrate cannot ordinarily be answered without consideration of the merits of the dispute . . . ." *Wiley & Sons* v. *Livingston,* supra, 557. The *Wiley* court reached this conclusion only after it determined that the particular collective bargaining agreement did not limit the scope or nature of issues that were subject to arbitration. The court reasoned that "just as an employer has no obligation to arbitrate issues which it has not agreed to arbitrate, so a fortiori, it cannot be compelled to arbitrate if an arbitration clause does not bind it at all." Id., 547. Thus, the court in *Wiley* reached the conclusion that the procedural questions were subject to arbitration only after it reached the conclusion that the collective bargaining agreement was binding on the employer, and that no issues were excluded from arbitration by the express terms of the agreement.

Our Supreme Court has recently reaffirmed the fundamental principle that it is the collective bargaining agreement that determines which issues are subject to arbitration. "In *Gary Excavating, Inc.* [v. *North Haven,* 164 Conn. 119, 318 A.2d 84 (1972)], this court stated that whether arbitrators or courts should resolve questions of timeliness and waiver must be decided on a case by case basis depending on the language of the contract. 'In apportioning, between the court and the arbitrators, the responsibility for determining which disputes are arbitrable, the language of the contract controls and determines whether the arbitrability of a

dispute is for the court or the arbitrators.' . . . '[T]he agreement between the parties remains the focal point for determining whether timeliness and notice requirements are matters for arbitration.' " (Citations omitted.) *East Hartford* v. *East Hartford Municipal Employees Union, Inc.*, 206 Conn. 643, 656, 539 A.2d 125 (1988). The court reached its conclusion that the arbitrators could decide the procedural questions of timeliness and waiver after finding that there were "no restrictions in the collective bargaining agreement on what issues may be decided by the arbitrators." Id.

Neither *Wiley* nor *East Hartford*, stands for the proposition that once the court determines that a procedural dispute underlies the substantive claim, the entire matter is necessarily arbitrable. To the contrary, both *Wiley* and *East Hartford* reiterate the basic tenet that the contract controls which issues the arbitrators can decide. See also *Combustion Engineering, Inc.* v. *International Brotherhood of Boilermakers*, 15 Conn. App. 332, 333–34, 544 A.2d 256 (1988) (discussing the centrality of contract provisions in determining which issues are subject to arbitration).

In this case, article 16, § 10 (b) of the collective bargaining agreement provides in relevant part: "In any instance elected by the Town, it may seek a Court determination of arbitrability." We conclude that this express language of the agreement is clear and unambiguous. Where, as in this case, the express language of the agreement provides for the judicial determination of arbitrability then that provision is controlling and cannot be shifted to the arbitrators by characterizing it as procedural or substantive.

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.