[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal by the Town of East Hartford from a decision of the East Hartford Personnel Board of Appeals which granted merit-based pay increases to Anthony Land, Assistant Chief of Police of the Town of East Hartford, and Joseph R.C. LeMay, a Commander on the East Hartford police force.
Some time prior to July 1, 1988, the Mayor of the Town of East Hartford, Robert E. McNulty, informed appellees Land and LeMay that they would not be receiving merit increases, as provided for in section 15.1(b) of the Town of East Hartford Personnel Rules and Merit System, for fiscal year 1988-89. (Record Item #43, p. 1).
On July 11, 1988 appellees Land and LeMay delivered a letter to the East Hartford Personnel director appealing the mayor's action pursuant to sections 49.1(a) and (b) of the Town of East Hartford Personnel Rules and Merit System. (Record Item #19, Letter). The Personnel Director referred the letter to the office of corporation counsel who in turn referred it to the Personnel Appeals Board. (Record Item #43 Addendum Exhibit A). On August 15, 1988, the Chairman of the Personnel Appeals Board, Bernard F. McGovern, Jr., informed the appellees in writing that their appeal should be brought pursuant to section 50 not sections 49.1(a) and (b).[1] (Record Item #23, Letter). On August 25, 1988, appellees' counsel informed Chairman McGovern, in writing, that he intended to pursue the appeal under sections 49.1(a) and (b). (Record Item #24, Letter). On September 14, 1988, Chairman McGovern informed counsel for appellees that the appeal must be brought pursuant to section 50. (Record Item #26, Letter). He further requested that appellees indicate the grounds for their appeal and present a statement as to either the exhaustion or waiver of prior administrative remedies. Id. On September 28, 1988, appellees' counsel requested, in writing, that Chairman McGovern hear the appeal pursuant to section 50. (Record Item #27, Letter). The letter further stated that the parties had waived the preliminary steps of the grievance procedure and that a statement setting forth the circumstances of the violation was forthcoming. Id. Such statement of circumstances was sent to the Chairman on October 3, 1988. (Record Item #43, Addendum Exhibit 1). The board found that no copies of either the September 28th or October 3rd correspondence were sent to the appellant. (Record Item #43, pp. 4-5).
The hearings before the board took place on November 9, 1988, November 29, 1988, and January 10, 1989. (Record Item #43, pp. 4-5). CT Page 6876
During each hearing, the appellant moved to dismiss the appeal based upon the respective grounds that the board lacked jurisdiction to hear this appeal which was brought pursuant to sections 49.1(a) and (b) and not section 50; that the appeal was not timely and that appellees failed to exhaust the administrative remedies provided in section 50; and that the appellees had not exhausted their administrative remedies. Id. at 5, see also Record Items 30 and 36. All of these motions to dismiss were denied by the board, and on January 10, 1989, the board rendered its decision sustaining the grievances of appellees and granted them their merit increases. (Record Item #43, p. 1).
On January 24, 1989 the appellant moved for the board's reconsideration of its decision contending that
1. The Board's Chairman and the grievants' counsel engaged in ex parte communications so as to deny the Town the opportunity to prepare its defense.
2. The Board erred in denying the Town's motions to dismiss on the ground of failure to comply with a preliminary step of the Sec. 50 grievance procedure.
3. The Board's decisions on the merits were erroneous.
4. The grievance was not timely filed with the Board. (Record Item #43, p. 2).
On February 14, 1989 the board, after addressing each contention, denied the appellant's motion for reconsideration. (Record Item #43, pp. 1-10).
On May 15, 1989 the appellant commenced this appeal, pursuant to Conn. Gen. Stat 7-422,[2] through service upon Alex Stalowitz, authorized agent for service for Personnel Board of Appeals; Bernard F. McGovern, Jr., Chairman of the Personnel Board of Appeals; board members Paul Beaulieu, Robert Kiely, Francis Ciparelli, Robert Perreault, E. Charles Stebbins and Jean C. Fresher; officers Anthony Land and Joseph R. C. LeMay, and the Town Clerk of the Town of East Hartford.
On appeal to this court the appellant presents three main arguments which are as follows: that appellants were denied due process due to ex parte communications between the appellee board and officers; that the board usurped the mayor's power to judge the performance of his employees; and that the board's decision violates section 7-422 of the Connecticut General Statutes as a result of being grounded upon non-existent or inadequate rules of procedure. CT Page 6877
JURISDICTION
As a threshold matter, this court must determine whether or not the East Hartford Personnel Board of Appeals had subject matter jurisdiction to decide the appellees' grievance. Agency decisions rendered without jurisdiction are void. Smith v. F. W. Woolworth Co., 142 Conn. 88, 93 (1955).
DISCUSSION
It is well established that a city's charter is the fountainhead of municipal powers. The charter serves as an enabling act, both creating power and prescribing the form in which it must be exercised. It follows that agents of a city, including its commissions, have no source of authority beyond the charter. Lombardi v. Bridgeport, 194 Conn. 601, 604 (1984) (citations omitted).
Chapter VII of the Town of East Hartford Charter creates a merit system which governs the administration of employment positions within the town's classified service. Town of East Hartford Charter, Chapter VII 7.1-7.4, pp. 30-32. Further, section 7.4 of the charter creates a personnel appeals board whose function it is to hear matters brought before it by employees and to make findings in such matters toward the purpose of assuring that the town's employment system is fair and equitable. Id. at 7.4, p. 32.
Section 7.2(d) of the charter provides for the creation of "personnel rules for administration of the classification plan . . . and such other rules as may be necessary to provide an adequate and systematic procedure for the handling of the personnel affairs of the town." Id. at 7.2(d), p. 31. Such rules are embodied in the Town of East Hartford Personnel Rules and Merit System and were adopted by the town on January 2, 1969. (Record Item #3 at Foreword). The purpose of these rules is to give effect to the intent and requirements of Chapter VII of the Charter. Id. at 10.1, p. 1.
Sections 50.1(a), (b), and (c) of said rules are as follows:
Grievance
 a. Whenever any employee shall feel any grievance relative to rate of pay, hours of work, or working conditions he shall report the matter to his Department Head. If such Department Head cannot or will not adjust the matter to the satisfaction CT Page 6878 of the employee, the complaint may be stated in writing, signed by the employee, and submitted to the Personnel Director. The Personnel Director's decision shall be submitted in writing to the employee.
 b. If the Personnel Director does not reply in writing within five (5) days of recript of such written complaint, or if the employee is not satisfied with the decision of the Personnel Director, the employee may appeal in writing to the Mayor. The Mayor shall arrange to meet with the employee, the Department Head, Personnel Director and any other interested party within ten (10) days for the purpose of resolving the dispute.
 c. If such grievance is not resolved by the Mayor to the satisfaction of the employee within ten (10) days from such meeting, the employee may, within ten (10) days thereafter, submit the dispute to a hearing by the Personnel Appeals Board. Said Board shall hear and act on such dispute in accordance with its rules and shall render a decision which shall be binding on all parties.
Town of East Hartford Personnel Rules and Merit System.5-1(a), (b) and (c), pp. 33-34.
The administrative procedures set out in section 50.1 are requisite steps which must be taken by an individual who wishes to bring his or her grievance before the Personnel Board of Appeals. Nothing in either the Town Charter or the personnel rules provides for the waiver or circumvention of these steps. Exhaustion
"It is a settled principle of administrative law that, if an adequate administrative remedy exists, it must be exhausted before the superior court will obtain jurisdiction to act in the matter." Concerned Citizens of Sterling v. Sterling, 204 Conn. 551,556 (1987) (citations omitted). The doctrine of exhaustion implicates the subject matter jurisdiction of the court. Id.
Further, the "[f]ailure to exhaust available grievance and arbitration remedies implicates the court's subject matter jurisdiction." Kolenberg v. Board of Education, 206 Conn. 113,122 n. 5 (1985). "Once [the question of subject matter jurisdiction is] brought to the attention of the court, regardless of the form of the motion, it must be acted upon." Concerned Citizens of Sterling, 204 Conn. at 557. "[J]urisdiction of the subject matter is a question of law and cannot be waived or conferred by consent . . . ." Cahill v. Board of Education, 198 Conn. 229, 238 (1985)." [S]ubject CT Page 6879 matter jurisdiction cannot be created by waiver." Rogers v. Commission on Human Rights Opportunities, 195 Conn. 543, 552
(1985), "Moreover, `whenever a court discovers that it has no jurisdiction, it is bound to dismiss the case, without regard to its previous rulings.'" Id.
The appellees' original grievance was brought pursuant to sections 49.1(a) and (b) which provide for a direct avenue of appeal to the personnel board of appeals. Town of East Hartford Personnel Rules and Merit System, 49.1(a) and (b), p. 32.[3]
However, the Chairman informed the appellees that section 50, which requires compliance with certain procedural steps, was the proper section under which the appellees should pursue their grievance. (Record Item #13 Addendum Exhibits B and D). Accordingly, the appellees requested that their grievance be heard under section 50 and further stated that the parties had waived the preliminary steps of the grievance procedure. (Record Item #43 Addendum Exhibit E). The grievance was then heard and ruled upon by the board without the procedural steps, as set out in section 50, having been complied with. Therefore, the appellees' grievance was improperly before the personnel board and the board lacked subject matter jurisdiction to hear and decide the grievance.
In ruling upon the motion for reconsideration, the personnel board attempted to justify the appellees' failure to comply with the grievance procedures.
First, the board inferred that since the appellant's motion to dismiss only challenged compliance with the first and second procedural steps (i.e. reporting to the department head and making a written submission to the personnel director) provided in section 50.1(b) that the appellant must have been satisfied that the third procedural step (making a written appeal to the mayor), provided in section 50.1(b) had been complied with . (Record Item #43 p. 7). From this inference the board concluded that appellants, by not contesting compliance with the third step, had waived their claim of non-compliance with the second step. Id.
Not only is the board's conclusion poorly reasoned but the appellant properly raised the issue of exhaustion in timely motions to dismiss at both the November 29th and January 10th hearings. Therefore, the board's first attempted justification is without merit.
Second, the board alternatively concluded that "in this particular case detailed compliance with each step of the grievance procedure was not required to `assure that the employment system of the town is fair and equitable and serves CT Page 6880 the best interests of the town while respecting the proper claims of the employees.' Sec. 7.4, Charter of Town of East Hartford." (Record Item #43 p. 7).
Although the board's function is to ensure fairness and equity, compliance with the procedural steps is a prerequisite to the board's subject matter jurisdiction and as such cannot be waived.
Third, the board concluded that whether procedural requirements had been waived or excused are matters for the board's determination. (Record Item #43 p. 7). In support of this proposition, the board cited John Wiley Sons, Inc. v. Livingston, 376 U.S. 543, 556-57, 84 S.Ct. 909, 918 (1964); Deaton Truck Line, Inc. v. Local Union 612, 314, F.2d 418, [314 F.2d 418], 422, (5th Cir. 1962); and East Hartford v. Municipal Employees Union, 206 Conn. 643 (1988). All three of these cases address the issue of whether or not the court can substitute its judgment upon an issue for that of an arbitrator when the parties, by contract, have committed the determination of that issue to an arbitrator's discretion and not the court's. All three cases held that the issue should be determined by an arbitrator. Jack Wiley Sons, Inc., 376 U.S. at 555-57; Deaton Truck Line, Inc., 314 F.2d at 422-23; East Hartford, 206 Conn. at 644.
The cited case law, which deals with contractual arbitration terms, is not applicable to the present appeal which concerns administrative procedures that must be complied with as a prerequisite to the board's subject matter jurisdiction. Therefore, the board's argument is not meritorious.
Finally, the board concluded that making a written appeal to the mayor pursuant to section 50.1(b) would have been a futile act since the mayor's position was fixed. (Record Item #43 p. 8). It is true that the law does not require the performance of a futile act. Concerned Citizens of Sterling v. Sterling, 204 Conn. 551, 559 (1987). However, "a mere claim of bias [is] insufficient to avoid the exhaustion doctrine." Id. at 560, citing Cahill v. Board of Education, 198 Conn. 229, 242
(1985).
In the present case, not only does section 50.1(b) require a written appeal to the mayor but it also requires the mayor to "arrange to meet with the employee, the Department Head, Personnel Director and any other interested party . . . for the purpose of resolving the dispute." Town of East Hartford Personnel Rules and Merit System, 50.1(b), p. 34. Although the mayor did meet with appellee Land prior to the filing of the July 1888 grievance (Record Item (43, p. 8), this meeting was not part of the grievance procedure nor did it comply with all of CT Page 6881 the requirements of section 50.1(b). That is, it was not a meeting which included the department head, the personnel director and any interested parties. A claim that the mayor's position is fixed does not show how compliance with section 50.1(b) would have been a futile act. Furthermore, the personnel board has made no argument which shows how reporting to the department head and appealing to the personnel director, as required by section 50.1(a), would have been futile acts. Therefore, the appellees' failure to exhaust their administrative remedies may not be excused by a claim of futility.
Appellees Land and LeMay failed to exhaust the administrative remedies provided to them under sections 50.1(a) and (b) of the Town of East Hartford Personnel Rules and Merit System. As a result of the appellees' failure to exhaust such remedies, the Town of East Hartford Personnel Board of Appeals lacked subject matter jurisdiction over the appellees' claim. Accordingly, the board's decision is void. See Smith v. F.W. Woolworth Co., 142 Conn. 88, 93 (1955).
The appeal is sustained.
Steinberg, J.
FOOTNOTES