[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS TO VACATE, MODIFY AND CONFIRM ARBITRATION AWARD
On January 20, 1993 the plaintiff, Allstate Insurance Company, filed an application to vacate, modify and/or correct arbitration award related to a motorcycle accident which occurred on September 3, 1987. In that application, the plaintiff states that it issued an automobile insurance policy to the defendant, Jeffrey Legendre, insuring two automobiles that were owned by him. The plaintiff also states that the defendant's father, Theodore Legendre (not a party to this action), was issued two insurance policies by the plaintiff, insuring two automobiles and one motorcycle respectively.
The defendant resided in the same house as his father. With respect to a motorcycle accident which occurred on September 3, 1987, the defendant invoked the arbitration provisions of his own insurance policy, as well as the arbitration provisions of his father's insurance policy, which covered the two automobiles. When the accident occurred the defendant was a passenger on a motorcycle owned by the tortfeasor, Paul Haas, who also is not a party to this action.
The plaintiff complains that the arbitrators' Finding and Award of January 14, 1993 should be modified and corrected by hearing this matter upon a trial de novo, in order to correct the legal determinations made by the arbitrators and to correct their factual determinations under the substantial evidence standard.
On March 24, 1993, the defendant filed a motion to confirm arbitration award. In that motion the defendant argues that the CT Page 8791 court should confirm the arbitration award of January 14, 1993 and issue an order directing the plaintiff to make payment to the defendant, with statutory interest, from the date of the arbitrator's award.
In support of its application to vacate modify and/or correct the arbitration award, the plaintiff essentially makes four arguments. First, the plaintiff argues that the court must conduct a de novo review in order to determine the amount of underinsured motorist coverage in accordance with the law. Second, the plaintiff argues that the full amount of each reduction must be taken without offset, pursuant to 38A-334-6(d)(1) and (2) of the Regulations of Connecticut State Agencies. Third, the plaintiff argues that the arbitrators in this case failed to render an award that conformed to the substantial evidence standard, with respect to future workers' compensation benefits available to the defendant. Fourth, the plaintiff argues that the limits of liability on each of the insurance policies at issue must be reduced by the stated limit of liability as set forth in each of these policies, pursuant to 38A-336-6(D) of the regulations of Connecticut State Agencies.
On June 14, 1993 the defendant filed a "Brief in Support of Claimant's Motion to Confirm Arbitration Award." In brief the defendant also makes four arguments. First, the defendant argues that although the plaintiff relies on Signorile v. National Union Fire Insurance Company, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 277888 (January 25, 1991), for the proposition that the insurer should be allowed a credit for the full amount of all workers' compensation benefits paid out, despite the claimant's repayment of a significant sum of a lien out of the liability tortfeasor's policy, the present case is distinguishable because the defendant signed an agreement which amounted to a moratorium future workers' compensation benefits. Second, the defendant argues that pursuant to this agreement, the insurer compromised their lien in order to effectuate a settlement of the claim, and it would be unjust to allow the insurer credit for the full workers' compensation benefits paid. Third, the defendant argues that if a de novo review is had, it should only be a de novo review with respect to the arbitrator's legal rulings, not their factual findings, and that since the plaintiff had a full and fair opportunity to present additional factual evidence before the arbitrators, it should be estopped from presenting further evidence at this juncture. Fourth, the defendant argues that since the arbitrators initially determined that the vehicle upon which the CT Page 8792 defendant was riding was underinsured, then stacked the various coverages available and finally applied the credits against the total, all pursuant to Covenant Insurance Company v. Coon,220 Conn. 30, 594 A.2d 997 (1991), the arbitrators were correct in applying the credits as they did and not according to the method sought by the plaintiff.
When the court considers a motion to vacate an arbitration award it should be restricted by the criteria established by statute. East Hartford v. East Hartford Municipal Employees Union, Inc., 206 Conn. 643, 650, 539 A.2d 125 (1988). "An application to vacate an arbitration award triggers special statutory proceedings that are not civil actions." Middletown v. Police Local No. 1361,187 Conn. 1 228, 231, 445 A.2d 322 (1982[)]. "The grounds on which the Superior Court may vacate an arbitration award are set forth in General Statutes 52-418(a)." Hartford v. IAFF Local 760, AFL-CIO, CLC, 24 Conn. App. 254, 257 n. 1, 587 A.2d 435 (1991). Those grounds are as follows:
 (1) If the award has been procured by corruption, fraud or undue means; (2) if there has been evident partiality or corruption on the part of any arbitrator; (3) if the arbitrators have been guilty of misconduct in refusing to hear evidence pertinent and material to the controversy or of any other action by which the rights of any party have been prejudiced; or (4) if the arbitrators have exceeded their powers or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made.
General Statutes 52-418(a).
In their Finding and Award, dated January 14, 1993, two of the three arbitrators determined the following:
 1. The total value of claimant's injuries and damages is $225,000.00;
 2. The Respondent is entitled to a credit of $30,000.00, paid by or on behalf of the tortfeasor; CT Page 8793
 3. The panel is not persuaded by the evidence as to the amount of future workers' compensation benefits to be incurred, and no credit is due Respondent therefore;
 4. No credit is permissible as to any future benefits, which are discretionary with the workers' compensation commissioner;
 5. Respondent is entitled to a credit for workers' compensation benefits received by claimant in the amount of $63,664.90, less $11,000.00 reimbursed to the carrier.
Clearly ". . . where judicial review of compulsory arbitration proceedings required by 38-175c(a)(1) is undertaken under General Statutes 52-418, the reviewing court must conduct a de novo review of the interpretation and application of the law by the arbitrators." American University Insurance Co. v. DelGreco,205 Conn. 178, 191 (1987). In reviewing the factual findings of the arbitrators from underinsured motorist hearings, the Court must conduct a de novo in accordance with a substantial evidence standard. Chmielewski v. Aetna Casualty Surety Co., 218 Conn. 646,662, (1991). In addition, given substantial evidence as to future workers' compensation benefits, the arbitrators may make appropriate findings as to the same. Rydingsword v. Liberty Mutual Insurance Company, 224 Conn. 8, 21 (1991).
Applying the foregoing principles and standards to the review of this case, this Court issues the following orders:
 1. This Court confirms that portion of the finding and award that states $225,000.00, as the total value of claimant's injuries and damages;
 2. The Court vacates that portion of the finding and award that finds no basis upon which to calculate future workers' compensation benefits and credits; (Rydingsword, supra.)
 3. The Court confirms all other portions of the finding and award.
CT Page 8794
Clarance J. Jones, Judge