[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, the Town of Ashford (Town), and defendants, Local 1303-293, Council 4 of AFSCME (Union), and the State Board of Mediation and Arbitration (Board), each move for summary judgment in this action seeking a declaratory judgment and injunctive relief arising from a grievance concerning the CT Page 8314 discharge of an employee of the Town. The crucial issues presented by these motions are the arbitrability of the grievance and whether the court may determine arbitrability.
Based on the pleadings, admissions, and documents submitted by the parties relating to these summary judgment motions, the court finds that there is no genuine dispute as to the following facts: Susan Tangari was an employee working in the Ashford Tax Collector's Office who, on April 20, 1992, was discharged for embezzlement. See State v. Tangari, 44 Conn. App. 187 (1997). On July 1, 1992, the Town and the Union entered into a collective bargaining agreement for the period July 1, 1992 to June 30, 1993. Article XX of that agreement contains § 20:2 which sets forth a four step procedure for handling employee grievances. Step 4 of the process states that "[i]n the event the matter is not resolved in Step 3 above, the Union only may submit the matter to the [Board] for arbitration in accordance with its rules, providing that the grievance must be submitted for arbitration within forty-five (45) days following the failure to resolve the grievance in mediation." Section 20.3 of Article XX states, "[t]he decision of the Arbitrator(s) shall be final and binding on all parties." Tangari never invoked steps one through three of § 20.2. The Union has sought to compel arbitration before the Board. On January 28, 1993, the Town filed this action requesting a declaratory judgment that arbitration is unavailable for this grievance and an injunction to prevent such arbitration from occurring.
 I
The general legal principles discussed in this section apply to all three motions for summary judgment.
Whether a particular dispute is arbitrable is a question for the court, unless the parties have agreed to arbitrate the issue of arbitrability. Welch Group, Inc. V. Creative Drywall, Inc.,215 Conn. 464, 467 (1990). The existence of such provision depends on the intention manifested in the agreement. Weitz Co.v. Shoreline Care Ltd. Partnership, 39 Conn. App. 641, 644
(1995). Such intent may be expressly stated in the agreement or inferred from the usage of broad terms. Combustion Engineering,Inc. V. International Brotherhood of Boilermakers,15 Conn. App. 332, 334 (1988).
In the case of East Hartford v. East Hartford MunicipalCT Page 8315Employees Union, 206 Conn. 643 (1988), our Supreme Court held that language in a collective bargaining agreement that the decision of the arbitrator would be "final and binding" on the parties was sufficiently broad to imply that arbitrability must be decided by the arbitrator and not the court. Id. 656. Indeed, because arbitration is favored as a means of resolving disputes, if the contract language as to arbitrability is unclear or ambiguous, the court must defer to arbitration as the preferred method for determining arbitrability. White v. Kampner, 229 Conn. 465, 472 and 473 (1994). Arbitration of a grievance ought to occur unless it can be said with "positive assurance" that the dispute falls outside the purview of arbitration. Id.
A party can only be compelled, however, to arbitration of a disagreement to the extent that that party has agreed to do so.Id., 471. This means that all preliminary, contractual requirements must be satisfied before proceeding to arbitration.Id., 472.
 II
As to the defendants' motions for summary judgment, they contend that the language of § 20.3 of Article XX is broad and unrestricted, and, therefore, arbitrability must be decided by the Board rather than the court.
In White v. Kampner, supra, the arbitration clause compelled arbitration only after mandatory negotiation had failed. The grievant attempted to skip negotiation and sought arbitration directly. The employer objected to arbitration, but the arbitrating body ruled that it would decide arbitrability. The arbitrator found that it should hear the dispute and decided the grievance against the employer. The employer moved in the Superior Court to vacate the arbitration award. The trial court held that the absence of mandatory negotiation undermined the authority of the arbitrator to decide the matter and vacated the award. The Appellate Court reversed the trial court holding that the broad language of the arbitration clause constituted a submission of all disputes, including arbitrability, to arbitration. Our Supreme Court reversed the Appellate Court and ruled that, although broad language was present in the arbitration clause which would usually confer authority upon the arbitrator to decide arbitrability, the express terms of the clause made mandatory negotiation a condition precedent to arbitration. Id., 473. Until the condition precedent was met, no CT Page 8316 submission to arbitration could be compelled, and the issue of fulfillment of the condition was for the court to decide. Id., 475.
The arbitration clause of Article XX is essentially similar to that in White v. Kampner, supra. Disputes under the agreement are submissible to arbitration only after exhaustion of the three steps ahead of arbitration prove unsuccessful. The defendants argue that the broad language of Article XX is akin to that which was present in East Hartford v. East Hartford Municipal EmployeesUnion, supra. The court disagrees and finds that case distinguishable. There, the employer conceded that the contract required arbitrability to be decided by arbitration. Id., 645. The employer sought to vacate the arbitration award based on an untimely filing by the grievant. The employer's attack was on the ultimate decision of the arbitrator and not on the arbitrator's power to arbitrate the issue. The contract time limit in question in that case was not a condition precedent to arbitration but rather a waiver of grievance provision by late filing. The holding in that case is inapposite to the facts in the present case.
It is clear that steps 1 through 3 were never taken in this case, which makes it unclear that the defendants are entitled to a judgment in their favor as a matter of law on the issue of the court's power to decide arbitrability. The defendants' motions for summary judgment are, therefore, denied.
 III
As to the Town's motion for summary judgment, it argues thatWhite v. Kampner, supra, controls and that, in view of the omission of the three steps which are conditions precedent to arbitration, judgment ought to lie in its favor.
The defendants concede that the preliminary grievance steps were never engaged in. The defendants, however, submitted the affidavit of Paul Skaba, a Union representative, who avers that the Town itself suggested that the grievance be decided in arbitration and that the Town and the Union reached a partial "settlement" whereby the matter would go directly to arbitration rather than through the intermediate steps set forth in the bargaining agreement.
If true, this "settlement" might constitute consent, waiver, estoppel, or modification which would eliminate or obviate the CT Page 8317 need for compliance with the condition precedent to arbitration in the contract. See e.g. New Haven v. AFSCME, 208 Conn. 411,417, fn. 6 (1988); Spicer v. Spicer, 33 Conn. App. 152, 159
(1993). Because a genuine dispute regarding the material facts as to whether the unsatisfied condition precedent to arbitration was rendered irrelevant by the Town's subsequent actions exists, the Town's motion for summary judgment is also denied.
SFERRAZZA, J.